**In the Matter of William Richard MANESS, Debtor.**

**William Richard MANESS, Plaintiff,**

v.

**Donna R. MANESS, Defendant.**

Bankruptcy No. 81–02364–3.

Adv. A. No. 81–1685–3.

United States Bankruptcy Court, W. D. Missouri, W. D.

Nov. 20, 1981.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT AVOIDING THE DEFENDANT'S JUDGMENT LIEN PURSUANT TO SECTION 522(f)(1) OF THE BANKRUPTCY CODE ON CONDITION THAT THE PLAINTIFF PAY THE DEFENDANT ONE–HALF OF THE PROCEEDS OF THEIR EQUITY IN THE PROPERTY AND, ACCORDINGLY, THAT HE FILE A WRITTEN REPORT WITH THE COURT WITHIN SIXTY DAYS

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff debtor has filed a complaint for avoidance of a judicial lien held by the

defendant on real property described as the north half of lot 3, subdivision of 4 and 5 Green and Shelton Estates, a subdivision of Grandview, Jackson County, Missouri, according to the recorded plat thereof, commonly known as 13500 Norby Road, Grandview, Missouri.

The issues joined by the pleadings came on before the court of bankruptcy for hearing of their merits on November 19, 1981, whereupon Thomas H. Reppell, Esquire, appeared as counsel for the plaintiff; the plaintiff appeared personally; and the defendant appeared by John R. Meharry, Esquire, her counsel. Thereupon, evidence was adduced by the plaintiff which demonstrated that a decree of dissolution of marriage was entered in the Circuit Court of Jackson County, Missouri, on August 28, 1980, in case number DR80–04406 in a case captioned, *In re the marriage of William R. Maness, Petitioner, and Donna Ruth Maness, Respondent.* Briefly, it provides for an award of the interest of Donna Ruth Maness in the property to her by plaintiff's payment to her of one-half of the equity.[1] And there can be little doubt that, under the facts of this case and the applicable law of the State of Missouri, the judgment thus rendered by the dissolution court operates as a judicial lien on the property of the debtor.

Counsel for the defendant focuses on the requirement of section 522(f)(1) that, as a prerequisite to lien avoidance, the judicial lien "impair . . . an exemption to which the debtor would have been entitled." His argument is that none of the debtor's interest in the property is impaired because the state judgment only purports to grant to the defendant the interest to which she is entitled under the state law at dissolution of the marriage.

██ The decisions, however, have generally held that a judicial lien impairs an exemption of the debtor if he has an equity in the liened property which he may have, or has, claimed as exempt. This being so,

this court is required to grant the complaint for lien avoidance under the plain language of section 522(f)(1).

██ The granting of such relief, however, does not provide to the plaintiff the unwarranted cornucopia whereby he would avoid the obligations imposed by the state dissolution court to grant the defendant her rightful interest in the property. This court has previously held that when a state dissolution court has conferred a right in specific property upon a debtor's spouse prior to the commencement of the title 11 proceedings, the debtor is not entitled to the aid and protection of the bankruptcy court in retaining possession of that property right in defiance of the state court order. *Royce v. Dunlop*, Adversary Action No. (W.D.Mo.Bkrtcy. Nov. 16, 1981); *Underwood v. Underwood*, Adversary Action No. 81–1370–SW (W.D.Mo.Bkrtcy. Nov. 20, 1981). For, regardless of the principle that an indebtedness may be dischargeable in bankruptcy or that a lien on property may be avoided, a debtor is not entitled, either under the automatic stay or the injunction which accompanies his discharge in bankruptcy, to keep property or its proceeds which belongs to another person. *Personal Finance Co. v. Kink*, 15 B.R. 701 (W.D.Mo. Bkrtcy.1981).

Accordingly, it is therefore, for the foregoing reasons,

ADJUDGED that the judicial lien of the defendant Donna R. Maness on the above and foregoing described property be, and it is hereby, avoided on condition that the plaintiff comply with the decree of the state dissolution court in all particulars, including payment to the defendant of one-half of the equity in the property. And, it is further, in order to effectuate this judgment and order,

ORDERED that the plaintiff William Richard Maness file with this court, within sixty days of the date of entry of this order, a written statement demonstrating his compliance with this judgment and order.

---

1. The existence of an equity of the property for plaintiff and defendant is proven by the uncontradicted testimony of the plaintiff to the effect that the property has a value of $20,000 and the balance due on the mortgage on the property is $13,000.