In re Jeanine M. BOYD, f/k/a Jeanine Boyd Robinson, Debtor.

Jeanine M. BOYD, f/k/a Jeanine Boyd Robinson, Plaintiff,

v.

Bruce G. ROBINSON; William D. Harper, Esquire and Harper & Wirth, a Minnesota Partnership; and Collins, Buckley, Sauntry & Haugh and William E. Haugh, Jr., Defendants.

Bankruptcy No. 3–82–110.
Adv. No. 82–80.

United States Bankruptcy Court,
D. Minnesota.

Dec. 21, 1982.

Michael P. Wagner of Wagner, Rutchick & Trojack, P.A., St. Paul, Minn., for plaintiff-debtor Jeanine M. Boyd.

Richard D. Goff of Rothstein, Wolf, Kaplan & Goff, St. Paul, Minn., for defendant Bruce G. Robinson (Robinson).

Linda A. Krohn of Harper & Wirth, St. Paul, Minn., for defendants William D. Harper and Harper & Wirth (Harper).

Randy S. Victor of Collins, Buckley, Sauntry & Haugh, St. Paul, Minn., for defendants William E. Haugh and Collins, Buckley, Sauntry & Haugh (Haugh).

Mary Catherine Lauhead of the Family Law Section of the Minnesota State Bar Ass'n and Martin L. Swaden of the Family Law Committee of the Minnesota Trial Lawyers Ass'n, Minneapolis, Minn., amicus curiae.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER FOR LAW

KENNETH G. OWENS, Bankruptcy Judge.

The above entitled proceeding came on for hearing before the undersigned Bankruptcy Judge on motion for summary judgment. Based on the files and record herein and the arguments of counsel, the Court enters the following inclusive of its findings and conclusions:

### MEMORANDUM ORDER·

The debtor filed for relief under chapter 7 of title 11, the Bankruptcy Code on January 20, 1982. The debtor exempted her homestead from the bankruptcy estate un-der 11 U.S.C. § 522(b) and Minn.Stat. § 510.01. No objection to her claimed exemption was made within the time prescribed by rule and thus the claim is established.

The debtor filed her complaint in the instant case to avoid certain liens and to determine the dischargeability of certain debts. The debtor seeks to avoid the lien on her homestead arising from the dissolution of her marriage to the defendant Bruce G. Robinson (Robinson). The debtor also seeks to avoid the liens of two attorneys and their firms which arose from their representation of the debtor in the marriage dissolution proceedings.

On February 12, 1981, an order for judgment was entered and on June 30, 1981, an amended order for judgment was entered by the Ramsey County District Court. The judgment awarded Robinson a lien against the homestead of the debtor. The lien, in the principal amount of $7,000.00, was with interest and payable within five years. The lien was awarded to Robinson as part of the division of marital property, and that award was summarily affirmed by the Minnesota Supreme Court on the appeal of the debtor.

Defendants William E. Haugh and Collins, Buckley, Sauntry & Haugh were the attorneys for the debtor for the marriage dissolution from January 23, 1979 to September 17, 1980. An attorney's lien was perfected by filing notice with the Ramsey County Recorder on March 26, 1981. The lien was in the amount of $4,452.00.

Defendants William D. Harper and Harper & Wirth were attorneys for the debtor from August 1980 to June 30, 1981. An attorney's lien was perfected by filing notice with the Ramsey County Recorder on March 30, 1981. The lien was in the amount of $4,549.10.

### Avoidance of the Marital Lien

The debtor seeks avoidance of the lien of Robinson under 11 U.S.C. § 522(f)(1) which states:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing

of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—a judicial lien."

Three requisites must be established for the debtor to avoid the fixing of a lien under this section:

1. The lien must be against an interest of the debtor in property;

2. The lien must impair the debtor's exemption of the property interest; and

3. The lien must be a judicial lien.

See *Cowan v. Cowan,* 12 B.R. 613 (Bkrtcy. W.D.Okl.1981).

It is first necessary to identify the nature of the interest possessed by the debtor and Robinson. The interests of both arose from the amended judgment and decree dated June 30, 1981. The Ramsey County Court had the authority to make a disposition of the property of parties to a marriage dissolution action. In this case, the court's disposition was reviewed and approved by the Minnesota Supreme Court.

The amended judgment awarded to the debtor:

"the exclusive title to and ownership of the following described property, to-wit: 5.1 *Homestead.* The homestead of the parties ... subject to the mortgage thereon, which she shall be responsible for and pay and further subject to a lien in favor of the respondent."

The court went on to describe the interest awarded to Robinson, the respondent in the dissolution action:

"Said lien shall be in the principal amount of $7000.00 and shall bear interest at the same rate as judgments bear in the District Courts for the State of Minnesota and shall be due and payable by petitioner to respondent, in full, within five (5) years from the date of entry of the Judgment and Decee."

The intention as expressed by the court is clear and unambiguous. It awarded "ownership" interest in the homestead exclusively and completely to the debtor to the ex-

clusion of Robinson. The debtor has an undivided interest in the homestead.

The court found that Robinson had made contributions to the marriage and the property. In order to equitably dispose of the property, and to compensate Robinson for his contributions, the court created a debt owing by the debtor to Robinson secured by a lien. The lien was payable by a date certain and accrues interest at a determined rate. The Bankruptcy Code, 11 U.S.C. § 101(28) defines lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." The interest granted to Robinson was a lien.

As a sole owner of the homestead property, any lien against the homestead is necessarily against the entire interest of the debtor in the property. The lien of Robinson was clearly a charge against the interest of the debtor in the property. The first requirement has been satisfied.

To "impair" an exemption, the lien must be a charge against property which the debtor can and does claim as exempt. The debtor claimed the property exempt under Minn.Stat. § 510.01. This statute allows the debtor to exempt the entire property without dollar limitation. The entire property lies within the exemption and the time to object to the debtor's choice of or right to exempt the property having passed, without objection, the exemption became final.

It cannot be said that the debtor may not exempt the portion of the homestead property representing the lien. While the property remains subject to liens and mortgages, it is in its entirety exempt from the reach of general creditors and the trustee. Being exempt the homestead is no longer property of the estate. If a lien or mortgage is avoided or set aside by the debtor of the trustee, the property reverts to the debtor, not to the estate.

The lien impairs the exemption to the extent that it deprives the debtor of the full value of the property allowed exempt. While the lien of Robinson remains out-

standing against the property, the debtor does not receive the benefit of the full exemption to which she would otherwise be entitled under the Minnesota homestead exemption. The second requirement has been satisfied.

The final requirement is that the lien is a "judicial" lien. The interest of Robinson is a lien as defined by 11 U.S.C. § 101(28). In the legislative history regarding that subsection, it is stated:

"In general, the concept of lien is divided into three kinds of liens: judicial liens, security interests, and statutory liens. Those three categories are mutually exclusive and are exhaustive except for certain common law liens."

A judicial lien is defined by 11 U.S.C. § 101(27) to be a:

"lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding."

Robinson obtained his lien interest in the property by the amended judgment and decree of the Ramsey County District Court. The judgment was obtained by and as a result of the legal proceeding to dissolve the marriage of the debtor and Robinson.

Robinson's lien has all the attributes of a judicial lien. The lien accrues interest at the rate judgments of the District Courts of the State of Minnesota bear interest. The lien was perfected by the entry of judgment.

There are four types of liens noted in the legislative history which types are mutually exclusive and exhaustive. The lien of Robinson cannot be a common law lien since the rights and powers of the court in a marriage dissolution are wholly statutory and are not derived from the common law.

Nor is it a statutory lien. While the power of the court and the marriage dissolution action are statutory, the lien does not "arise" by statute. A statutory lien in 11 U.S.C. § 101(38) is defined as:

"lien arising solely by force of a statute on specified circumstances or conditions ... but does not include security interest or judicial lien, whether or not such inter-

est or lien is provided by or is dependant on a statute and whether or not such interest or lien is made fully effective by statute."

Robinson's lien did not arise by force of statute but only upon the entry of judgment. As indicated in the definition, the mere fact the lien is authorized by statute does not make the lien a "statutory" lien.

"Security interest" is defined as a "lien created by an agreement" in 11 U.S.C. § 101(37). There was no agreement between the debtor and Robinson. The lien was imposed by the court over the strenuous objections of the debtor. The debtor appealed the judgment to the Supreme Court on the very issue of that lien. Robinson's lien was clearly not a security interest.

By the process of elimination, the lien of Robinson has to be a judicial lien. The lien has the appearance of a "judicial" lien. It is not any other kind of lien. The third and final requirement for avoidance of judicial liens under 11 U.S.C. § 522(f) is satisfied.

The brief amicus curiae argues this court should not allow the debtor to avoid the lien. Those protagonists argue that equitable considerations and the detrimental impact on marriage dissolutions require this court deny the plaintiff the remedy she seeks. In *Maness v. Maness,* 17 B.R. 76 (Bkrtcy.Mo.1981), the bankruptcy court allowed the debtor to avoid the lien of an ex-spouse on the condition the debtor comply with the decree in all respects. The anachronism created by that decision could be avoided by creating an exception to the "right" of avoidance of judicial liens as to liens arising by judgment in a marriage dissolution action. There is no statutory basis for such exception. The Bankruptcy Code gives the debtor certain rights. Those rights may not be circumvented. Only Congress may create an exception for marital liens. Any attempted circumvention by this Court of the debtor's rights under the Bankruptcy Code would be judicial legislation. The creation of an exception to avoidance is a matter of policy best left to legislative consideration and not be indulged by this Court.

There is no basis in the history of bankruptcy law for treating the division of property in a marriage dissolution differently then in the case of other creditors similarly situated. Debts for support and maintenance of a spouse or dependent children have been excepted from discharge under 11 U.S.C. § 523(a)(5). But Congress and the Bankruptcy Court have been careful to limit this exception to obligations for support and maintenance and not to mere division of property regardless of the labels employed by the state court. Debts resulting from the division of property in a marriage dissolution have always been dischargeable. This has not had any significant impact on most marriage dissolution actions. In the amended judgment and decree, the husband-wife relationship between Robinson and the debtor was ended. The same order made Robinson a creditor of the debtor; a creditor holding a secured claim by virtue of a judicial lien. The underlying purpose of bankruptcy, to provide equal treatment of all creditors, supports the conclusion that all judicial liens of any kind be treated alike.

The Court is aware of the significant impact of its ruling. In order to proceed with the orderly administration of justice, the enforcement and the effective date of this order is stayed pending the final resolution of any appeal. If no timely appeal is taken, any enforcement of this Judgment by the debtor is nevertheless stayed for 60 days.

The lien of the defendant Bruce G. Robinson arising from the Amended Judgment and Decree dated June 30, 1981 against the homestead of the debtor Jeanine M. Boyd located at 2296 Birch Street, White Bear Lake, Ramsey County, Minnesota legally described as:

Lot 9, Block 12, Lakeaires No. 4

is hereby avoided under 11 U.S.C. § 522(f)(1) it being a judicial lien.

### Avoidance of the Attorney's Liens

The other liens which debtor seeks to avoid in this action are two attorney's liens. The debtor seeks to avoid the liens under 11 U.S.C. § 522(h), § 544(a)(3), and § 545(2). § 522(h) gives the debtor the powers of the trustee to avoid transfers of property the debtor has exempted if the transfers were not voluntary, the debtor did not conceal the property, and the trustee does not attempt to avoid such transfers. § 544(a)(3) through § 522(h) give the debtor the rights and powers of a bona fide purchaser of real property from the debtor. § 545(2) through § 522(h) give the debtor the right to avoid a statutory lien that is not perfected or enforceable on the date of the filing of the petition as to a bona fide purchaser from the debtor.

Minn.Stat. § 481.13 grants a statutory lien for legal service rendered. The lien is laid against the property involved in the legal action. If the lien falls against real property, as here, notice must be recorded with the appropriate county office. Notices were properly filed here, and Haugh and Harper had both perfected their liens against the homestead of the debtor.

Perfected attorney's liens are however not enforceable in Minnesota against the homestead of the client. *Northwestern National Bank of South St. Paul v. Kroll,* 306 N.W.2d 104 (Minn.1981). In the narrowest reading of that case, attorneys' liens against homestead property are unenforceable. The decision may well be read to say that an attorney's lien may not "attach" to the exempt homestead. Regardless of how the decision is read, the attorney's liens were not enforceable on the date the petition in bankruptcy was filed.

A statutory lien which is unenforceable against a bona fide purchaser is avoidable. This lien is also avoidable by the debtor.

This Court must conclude that the attorney's liens of the defendants William D. Harper and Harper & Wirth and defendants William E. Haugh and Collins, Buckley, Sautry & Haugh against the homestead of the debtor Jeanine M. Boyd located at 2296 Birch Street, White Bear Lake, Minnesota legally described as:

Lot 9, Block 12, Lakeaires No. 4

are each hereby avoided under 11 U.S.C. § 522(h) as an unenforceable statutory lien.

LET JUDGMENT BE ENTERED AC-CORDINGLY.