**In re Roy Howard THOMAS, Debtor(s).**

**Bankruptcy No. 382–03780.**

United States Bankruptcy Court,
D. Oregon.

April 28, 1983.

Cary A. Gluesenkamp, Hillsboro, Or., for objecting creditor Judith M. Thomas.

Kent V. Snyder, Portland, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon the objection of Judith M. Thomas, the debtor's former spouse, to confirmation of the debtor's chapter 13 plan. The court considered the objection at the adjourned hearing on confirmation held on March 17, 1983.

After the hearing, both attorneys submitted copies of the parties' Decree of Dissolution dated November 4, 1980 and effective January 4, 1981. Under the decree, the marital residence was awarded to the petitioner-debtor who was directed to pay the

respondent-creditor "$15,000 which represents Respondent's one-half equity in said property, without interest, on or before February 1, 1982." The respondent-creditor did not appear at the dissolution hearing.

The creditor objects to confirmation of the debtor's plan on the grounds that she is treated under the plan as a holder of a general unsecured claim. The debtor proposes to pay 5% of such claims. The creditor contends that she should be treated instead as a secured creditor by virtue of the fact that pursuant to the above-mentioned decree, the $15,000 which the debtor was ordered to pay her represents her one-half equity in the marital residence.

The debtor contends that what was granted to the creditor by the decree was simply a judicial lien. As such, it is subject to the lien avoidance provision of 11 U.S.C. § 522(f)(1). Once avoided, the debtor contends, the debt represented by the lien becomes an unsecured debt.

The issue before the court then is whether a lien granted pursuant to a dissolution decree may be avoided under 11 U.S.C. § 522(f)(1). Section 522(f)(1) provides as follows:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is—

(1) a judicial lien . . . "

■ Three requirements must be established before a lien may be avoided as a judicial lien. First, the lien must be fixed on an interest of the debtor in property. Second, the lien must impair an exemption to which the debtor would otherwise be entitled. Third, the lien must be a judicial lien.

Congress intended by § 522(f)(1) to allow the removal of judicial liens obtained by creditors on a debtor's exempt property. " . . . the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may avoid any judicial lien on

exempt property . . . (This) right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If the creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions . . ." House Report 95–595, 95th Cong., 1st Sess., 1977, p. 126, U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6087.

Bankruptcy Judge Robert L. Berry stated in *In re Scott*, 12 B.R. 613, 615 (Bkrtcy. WD Okl.1981): "The implication of the House Report, as well as the language of § 522(f) itself which permits the avoidance of 'the fixing of a lien on an interest of the debtor in property' is that Congress intended the avoidance of liens that became fixed *after* the debtor acquired the interest upon which they became fixed."

■ As noted by Judge Berry, such is not the case where a lien is granted pursuant to a dissolution decree. In a dissolution proceeding, the document which conveys one spouse's interest in the homestead to the other spouse simultaneously creates a lien in favor of the spouse who will no longer be allowed to live in the residence. In effect, the property is conveyed subject to a lien to secure payment of the nonresident spouse's share of the property settlement. Thus, the first requirement of § 522(f)(1) has not been met.

■ Furthermore, at the time marital property is awarded and a lien interest created, the relationship of the parties in a dissolution proceeding is not a debtor/creditor relationship as is the case at the time other lien interests are created. This distinction is crucial. It is clear that Congress intended to include within the ambit of § 522(f)(1) only those lien interests created in favor of creditors, not spouses.

■ The court therefore finds that the lien granted to the objecting creditor here cannot be avoided under § 522(f)(1).

This result is not only supported by the legal considerations noted above, but also by compelling equitable considerations. To rule otherwise would seriously thwart the

intended effect of a given dissolution decree in defiance of the dissolution court. In effect, it would allow the debtor to keep property or its proceeds which belongs to another person. *Matter of Maness,* 17 B.R. 76, 77 (Bkrtcy. WD Mo.1981).

Finally, the court rejects the distinction made by some courts which hold liens granted by order of the dissolution court avoidable, but hold liens granted by the agreement of the parties and embodied in an order of the dissolution court nonavoidable. *Wicks v. Wicks,* 26 B.R. 769 (Bkrtcy. D Minn.1982); *In re Boyd,* 26 B.R. 772 (Bkrtcy. D Minn.1982). The court also rejects the anachronism adopted by the bankruptcy court in *Matter of Maness,* supra, which held that a judicial lien arising out of a dissolution decree could be avoided on condition that the debtor comply with the dissolution decree in all its particulars, including payment to his former spouse of one-half of the equity in the property.

Based on the foregoing, it appears that the creditor's objection to confirmation of the debtor's plan must be sustained. An order will be entered herein denying confirmation of the plan.

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.