**In the Matter of William Arthur ORSBURN, et al., Debtors.**

**William Arthur ORSBURN, et al., Plaintiff,**

**v.**

**The DINERS CLUB, INC. and John F. Bradford, Defendants.**

**Bankruptcy No. 81–02962A.**
**Adv. No. 81–1369A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 10, 1983.

William L. Horton, Decatur, Ga., for debtors.

John F. Bradford, Marietta, Ga., for creditor.

### OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Presently before the Court is defendant's motion to alter or amend the order signed

by this Court June 17, 1982. That order granted the lien avoidance relief requested by plaintiff against defendant pursuant to 11 U.S.C. § 522(f)(1). This Court is now convinced that the language of § 522(f)(1), permitting the debtor to avoid the fixing of a judicial lien where "such lien impairs an exemption to which the debtor would have been entitled," must be read in conjunction with state law governing priorities of real property interests. Because this Court finds that under Georgia law liens are ranked according to age and defendant's lien, recorded November 4, 1980, does not in fact impair the exemption to which the debtors are entitled, the opinion of June 17, 1982, must be vacated and the present opinion be substituted in its place.

## FINDINGS OF FACT

(1) Debtors filed a joint Chapter 13 petition on July 21, 1981.

(2) Debtors' residence located at 5190 Fieldgreen Crossing, Stone Mountain, De-Kalb County, Georgia, is valued at $98,-000.00.

(3) Defendant, The Diners Club, has a recorded judgment entered on the DeKalb County general execution docket on November 4, 1980, in the amount of $2,450.00.

(4) Defendant filed a proof of claim totalling $2,747.84 ($2,194.58 principal balance, $242.32 earned interest, $284.94 attorneys fees, and $32.00 court costs).

(5) The debtors' real property is subject to two security deeds totalling approximately $69,000.00 which are prior in time to The Diners Club judgment.

(6) The debtors' claim an exemption in their real property of $3,200.00, pursuant to Ga.Code Ann. § 51–1301.1(a)(1) (Harrison, Supp.1981).

(7) On July 31, 1981, debtors filed their complaint to avoid defendant's lien.

## DISCUSSION

The three prerequisites for a debtor's successful lien avoidance pursuant to § 522(f)(1) are that: (1) the lien be a judicial lien; (2) the lien must be against the debtor's interest in property; and, (3) the lien must impair an exemption to which the debtor is entitled. *In re Boyd,* 26 B.R. 772, 774 (Bkrtcy.D.Minn., 1982). In the instant case there is no dispute that the defendants' lien is a "judicial lien" within the definition of the Code 11 U.S.C. § 101(27). There is, likewise, no dispute that defendants' lien is against an interest of the debtors in their property. There is a dispute, however, as to the last requirement, whether the defendant's "lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien." § 522(f)(1). To this critical inquiry there are two parts. First, the language of § 522 [1] requires this Court to examine those State law exemptions which have been enacted as an alternative to the federal exemptions. Section 51–1301.1(a)(1) of the Georgia Code (Harrison, 1981) permits an individual debtor to exempt up to $5,000.00 in value in real or personal property. In the instant case, the joint debtors are seeking to avoid $3,200.00 on their principal residence. Therefore, the debtors fit within the statutory language of § 522(f)(1) which requires that the debtors be entitled to the exemption in the property, here under state law, before they are allowed to avoid a judicial lien interest in it.

The second part of the inquiry, whether the debtors exemption is "impaired" by defendant's judicial lien, is also resolved by turning to state law. Here, the court must examine state law priorities governing real property interests. In Georgia, liens are ranked according to date, the oldest having priority. Ga.Code Ann. § 67–1704 (Harrison, 1967). Accordingly, the instant circumstances can be summarized in the following table:

---

1. § 522(b)(1)—Exemptions
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize.

| | | | |
|---|---|---|---|
| (1) | $98,000.00 | Value of debtors' principal residence | |
| (2) | $69,000.00 | Total of first and second mortgage | [Recorded prior to 11/4/80] |
| (3) | $ 2,747.84 | Diners Club judgment lien | Recorded 11/4/80 |
| (4) | $71,747.84 | [Total of (2) and (3)] | |

| | | | |
|---|---|---|---|
| | (1) $98,000.00 | | |
| | (4) −$71,747.84 | | |
| (5) | $26,252.16 | Value of debtors' principal residence remaining unencumbered as of 11/4/80 | |
| (6) | −$ 3,200.00 | Debtors' exemption | |
| (7) | $23,052.16 | Value of debtors' principal residence remaining unencumbered as of 11/4/80 after debtors' exemption | |

The above table demonstrates that the defendant's judgment lien does not "interfere" with the debtors' exemption in the amount of $3,200.00. The calculation shows that after the first/second mortgage and defendant's judgment lien are subtracted from the value of the principal residence the amount of $26,252.16 remains unencumbered. This figure is more than seven times the amount necessary to enable the debtors to take unimpaired advantage of their exemption.

The Court recognizes that the above table does not list a Deed of Trust in the amount of $27,113.99, recorded April 2, 1981. That particular encumbrance is not at issue in this adversary proceeding. The Court does note that because the Deed of Trust is the most recent encumbrance recorded, under Georgia Law the deed would have the last priority. It would appear that it is the Deed of Trust which impairs the debtors' exemption:

| | | | |
|---|---|---|---|
| (5) | $26,252.16 | Value of debtors' principal residence remaining unencumbered as of 11/4/80 | |
| (8) | $27,113.99 | Deed of Trust | Recorded 4/2/81 |
| | −  861.83 | Negative value of debtors' principal residence | |
| (6) | $ 3,200.00 | Debtors' exemption | |

The above calculations demonstrate that the Deed of Trust recorded 4/2/81 does impair the exemption to which the debtors'

are entitled under state law. Again, as this issue does not arise within this adversary proceeding, no resolution on the merits is appropriate.

For the reasons stated above, this Court holds that defendant's judicial lien may not be avoided by the debtors in the instant situation because the defendant's lien does not trigger the operation of § 522(f)(1) in favor of the debtors, e.g., defendant's lien does not "impair" an exemption to which the debtors are entitled.