**In the Matter of Gregory Hale JAXTHEIMER, Debtor.**

**Bankruptcy No. 83–01356–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Jan. 27, 1984.

Chad P. Pugatch, Fort Lauderdale, Fla., for debtor.

Reggie David Sanger, Fort Lauderdale, Fla., for creditor.

Herbert S. Freehling, trustee.

Mark D. Cohen, North Miami, Fla., for trustee.

### ORDER GRANTING MOTION TO AVOID LIEN ON EXEMPT PROPERTY

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard on December 14, 1983, upon the Debtor's Mo-

tion to Avoid Lien on Exempt Property. The property involved is the Debtor's undivided one-half interest in real property legally described as follows:

Lot 8, Block 2, RIVER VISTA, Plat Book 22, Page 38, Public Records of Broward County, Florida

The lien creditor, BENGT BLOOM, owns the other undivided one-half interest in said property.

The Debtor, at the time of the filing of the Voluntary Petition herein, and continuing to the present date, resides upon the subject real property with his family. The undivided one-half interest was claimed as exempt in Schedule B–4 and the exempt status of the Debtor's undivided one-half interest under the Florida Homestead Laws has not been contested herein.

The lien sought to be avoided herein arises from a Final Judgment rendered in favor of the creditor, BENGT BLOOM, and against the Debtor, GREGORY H. JAXTHEIMER, on April 25, 1983, both by virtue of the recordation of the money judgment in the Public Records of Broward County, Florida, and by virtue of the provision of said Final Judgment awarding to BENGT BLOOM an equitable lien upon the subject real property. The Debtor contends that the lien is a judicial lien, impairing the Debtor's exemption in said property and thus avoidable pursuant to the provisions of 11 U.S.C. § 522(f). The Creditor contends that the lien is statutory in nature and therefore not avoidable under that provision of the Bankruptcy Code.

11 U.S.C. § 522(f)(1) allows the Debtor to avoid a judicial lien on an interest of the Debtor in property to the extent the lien impairs the exempt status of the property. Since the exempt status of the property has not been contested, the sole issue for determination by the Court is whether the lien created by the above-said Final Judgment constitutes a judicial or statutory lien. A judicial lien is defined under 11 U.S.C. § 101(27) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." The Bankrupt-

cy Code defines a statutory lien in 11 U.S.C. § 101(39) as a:

"... lien arising *solely* by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or a judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by a statute." (emphasis added)

It is the Creditor's contention that, because the initial relief requested in the state court proceeding involved, among other things, partition, which in Florida is a creature of statute, the lien arising from the aforesaid Final Judgment is statutory in nature. This contention is not supported by the clear language of the statute or the judgment itself. The lien rights arising from the Final Judgment arise solely by virtue of the terms of the judgment and the recordation thereof. To the extent that the lien rights are merely implemented by a statute, the language of subsection 39 of § 101 of the Code excludes liens arising from such implementing statutes from the definition of statutory lien.

The Creditor further attempts to liken the instant situation to a divorce and cites the line of cases in Florida pertaining to sale and equitable distribution of a co-owner's interest in real property. *See, Tullis v. Tullis*, 360 So.2d 375 (Fla.1978). These contentions are without merit. The Court does not find it reasonable in the instant situation to liken a tenancy resulting from a business partnership to a divorce for purposes of determining the status of the lien rights. Entirely different policies are involved where the question is one of support and property division in a divorce as opposed to a business relationship. Nevertheless, it is noted that in cases dealing with this issue, a lien arising from a division of property in a dissolution of marriage has been held to be a judicial lien avoidable under § 522(f)(1) under appropriate circumstances. *Re: Boyd*, C.C.H.Bankr.L.Rptr. § 68950 (B.C.D.C.Minn.1982). *Re: Maness*,

17 B.R. 76 (Bkrtcy.W.D.Mo.1981). And, notwithstanding the cotenancy situation, it has long been held in Florida that the homestead exemption will extend to the undivided interest of a head of a household in homestead property. *Hill v. First National Bank,* 73 Fla. 1092, 75 So. 614 (1917).

The lien rights flowing from the Final Judgment being clearly judicial in nature, the Court finds that said lien rights are avoidable by the Debtor under 11 U.S.C. § 522(f)(1), and it is therefore

ORDERED AND ADJUDGED:

1. The Motion to Avoid Lien on Exempt Property is hereby granted.

2. The lien rights arising from the Final Judgment rendered on April 25, 1983, in Case No. 80–1005 CJ, in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, are hereby avoided and shall no longer constitute a lien against the Debtor's undivided one-half interest in the following described real property:

Lot 8, Block 2, RIVER VISTA, Plat Book 22, Page 38, Public Records of Broward County, Florida.