**In re Kathryn Ann CHESNUT, Debtor.**

**Bankruptcy No. 84–1137–A.**

United States Bankruptcy Court,
W.D. Oklahoma.

July 3, 1985.

Steven Dobbs of Pearce & Dobbs, Oklahoma City, Okl., for debtor.

Matt J. Sedbrook of Field, Trojan, Long & Sedbrook, Oklahoma City, Okl., for creditor, David G. Trojan.

MEMORANDUM DECISION
AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

The debtor has moved under 11 U.S.C. § 522(f) to avoid a lien against her homestead property in favor of David Trojan who was her attorney in a 1983 divorce proceeding.[1] This lien is created by the divorce decree.

She subsequently filed for relief under Chapter 7, claimed her homestead exemption and listed Trojan. The discharge was granted in September, 1984.

In May, 1985 she moved to avoid the lien.[2] Trojan has responded to the motion arguing that it is not avoidable under 11 U.S.C. § 522(f) for it is not a judicial lien

---

**1.** Oklahoma has "opted out" of the federal exemptions. 31 Okla.Stat. § 1 B (Supp.1984). The Homestead Property exemption may be found in sections 1 A and 2 of title 31 of the Oklahoma Statutes (1981). There is no controversy between the parties regarding the debtor's claim of homestead.

**2.** The debtor has also moved to reopen the case but examination of the file reveals that it was never closed.

and further that the motion was not made timely.

■ Attorneys' liens in divorce proceedings are recognized in Oklahoma.[3] *Sooner Fed. Sav. and Loan Ass'n v. Mobley*, 645 P.2d 1000 (Okla.1982); *Campanello v. Mason*, 571 P.2d 449 (Okla.1977). It is not necessary, however, to determine the sufficiency of Trojan's lien under state law as we conclude it is avoidable under section 522(f).

Trojan relies on *Boyd v. Robinson (In re Boyd)*, 31 B.R. 591 (D.Minn.1983), *aff'd*, 741 F.2d 1112 (8th Cir.1984) and *In re Thomas*, 32 B.R. 11 (Bankr.D.Ore.1983) in support of the contention that his is not a judicial lien and thus not avoidable. Trojan's reliance on *Boyd* and *Thomas* is misplaced. They specifically concern liens imposed pursuant to a divorce decree in favor of the debtor's former spouse, not a lien in favor of the debtor's attorney.

*Boyd* held that a lien on the debtor's homestead created in a divorce decree in favor of a former spouse was not judicial. This is so because the lien merely represents the spousal interest in the marital homestead.

*Thomas* holds that "[i]n a dissolution proceeding, the document which conveys one spouse's interest in the homestead to the other spouse simultaneously creates a lien in favor of the spouse who will no longer be allowed to live in the residence." 32 B.R. at 12. In effect, the property is simply conveyed subject to a lien to secure payment of the other spouse's share of the property settlement. *See Cowan v. Cowan (In re Scott)*, 12 Bankr. 613 (Bankr.W.D. Okl.1981).

■ A lien in favor of a former spouse thus represents a division of spousal property and is not within section 522(f)(1). The obligation to pay Trojan was created by the divorce decree which awarded the fee and granted the attorney's lien to secure payment. That obligation in no way represents a division of property.

■ The next issue presented is whether the debtor made her motion timely. Neither the Bankruptcy Code nor Rules limit the time when a lien avoidance may be served.

Trojan relies on *Associates Fin. Serv. of Okla., Inc. v. Porter (In re Porter)*, 11 B.R. 578, 581 (Bankr.W.D.Okla.1981), where this Court held that the debtor's lien avoidance powers pursuant to 11 U.S.C. § 522(f) "are permissive in nature and require that the debtor commence an action, prior to the discharge hearing, in order to exercise them."

To a large extent *Porter* relies on reasoning that an avoidance motion must be made prior to discharge because 11 U.S.C. § 524(c) required that approval of a reaffirmation agreement must occur before the discharge hearing. That rationale has subsequently been discredited. *See Beneficial Fin. Co. of Va. v. Franklin*, 26 B.R. 636, 643 at footnote 19 (W.D.Va.1983), *vacated*, 714 F.2d 127 (4th Cir.1983).

Moreover, it appears that the majority of jurisdictions which have considered this question have held that there is no time limit on a lien avoidance action pursuant to § 522(f).

One group of cases relies on 11 U.S.C. § 350(b) which provides relief by allowing the court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." In those cases, an action will be barred only if the debtor's delay has resulted in prejudice to the creditor. *Noble v. Yingling*, 37 B.R. 647 (D.Del.1984); *Blake v. Ledan (In re Blake)*, 38 B.R. 604 (Bankr.E.D.N.Y.1984); *Johnson v. First Merchants Nat'l Bank (In re Johnson)*, 18 B.R. 555 (Bankr.D.Md.1982); *Stephenson v. General Motors Acceptance Corp. (In re Stephenson)*, 19 B.R. 185 (Bankr.N.D. Tenn.1982).

Other cases reject a time limitation because 11 U.S.C. § 522(f) does not set forth time restrictions like 11 U.S.C. § 524(c). If Congress had intended to impose a similar time restriction it would have done so and

---

**3.** 5 Okla.Stat. § 6 (1981); 42 Okla.Stat. § 34     (1981).

it would be unfair to impose limits due to the lack of notice to debtors. *Russell v. United States (In re Russell)*, 20 B.R. 537 (Bankr.W.D.Pa.1982); *Tarrant v. Spenard Builders Supply (In re Tarrant)*, 19 B.R. 360 (Bankr.D.Alaska 1982).

After analysis of the foregoing, we conclude the better rule is not to impose a time limit on lien avoidance motions by judicial gloss. Thus, the debtor may serve the motion at any time. Of course, if a case has been closed it must first be reopened under 11 U.S.C. § 350(b) and Bankruptcy Rule 5010. Normally Rule 60 of the Federal Rules of Civil Procedure prescribes a limitation of one year for relief from a judgment or order, however, Bankruptcy Rule 9024 abrogates Rule 60 for motions to reopen a case. The creditor may then respond and if appropriate, argue that the motion for lien avoidance is not timely for equitable reasons such as prejudice, laches, reliance, estoppel or fraud.

Accordingly, it is ordered that the debtor's motion for lien avoidance is timely and that § 522(f) operates to avoid Trojan's judicial lien.