**In re JoAnn Mary WARREN, Debtor.**

**Bankruptcy No. 388–00346H13.**

United States Bankruptcy Court,
D. Oregon.

Oct. 13, 1988.

Magar E. Magar, Portland, Or., for debtor.

John P. Salisbury, Portland, Or., for creditor.

Robert W. Myers, Portland, Or., Trustee.

## OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came to be heard upon Kenneth Warren's objections to confirmation of the debtor's Chapter 13 Plan of Reorganization. Mr. Warren is the ex-husband of the debtor. The divorce decree signed on October 15, 1981 granted the debtor certain real property, subject to a lien in favor of Mr. Warren in the amount of $15,000.

Mr. Warren subsequently commenced proceedings to foreclose his lien against the property. In connection with those proceedings, on December 30, 1988 the state court issued a letter opinion in which it found that execution upon the creditor's lien would not be subject to the homestead exemption. The opinion stated that to allow such an exemption would, in effect, "award [the debtor] one-half of the equity in the real property and preclude [the creditor] from enforcing the terms of the [dissolution] decree."

The debtor's Chapter 13 petition was filed on January 22, 1988, and a confirmation hearing was scheduled on the proposed plan. The creditor objected to a provision in the plan which called for the voiding of his lien under 11 U.S.C. § 522(f)(1). That section allows the debtor to avoid a judicial lien to the extent that such lien impairs an exemption. The debtor apparently contends that the lien impairs her homestead exemption.

Mr. Warren claims that the lien may not be avoided for several reasons, including the following: (1) the lien is not a judicial lien within the meaning of 11 U.S.C. § 522(f); rather, it is the means used by the state court in giving effect to the property division resulting from the dissolution of the marriage; and (2) the previous state court ruling regarding the homestead exemption is res judicata or collaterally estops the debtor from asserting such an exemption in these proceedings. Since this court agrees that the lien is not a judicial lien within the meaning of § 522(f), the other grounds for objecting to confirmation need not be considered.

In *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.1984), the divorce decree at issue awarded the marital homestead to the wife, with the husband retaining "a lien for one-half of the equity [acquired] by the parties together after the marriage." The wife filed a chapter 7 petition, and sought to avoid the lien under § 522(f)(1). The court held that the lien granted to the husband did not attach to any "interest of the debtor in property," as that phrase is used in § 522(f). Rather, the lien "merely recognized, and provided a remedy to enforce, a pre-existing property right in the marital home."

In *In Re Thomas*, 32 B.R. 11 (Bankr.D. Or.1983) this court also concluded that liens intended to effect a division of property and imposed by dissolution decrees were not judicial liens within the meaning of § 522(f)(1).

While there is authority to the contrary,[1] this court believes that the view set forth

1. *See, e.g., In Re Pederson*, 78 B.R. 264 (9th Cir. BAP 1987), *appeal docketed* No. 87–4219 (9th Cir.1987). That case did not arise out of the District of Oregon, and I therefore am not bound by it. *See In Re Junes*, 76 B.R. 795, 797 (Bankr.D.Or.1987). *But see In Re Windmill Farms, Inc.*, 70 B.R. 618, 622 (9th Cir. BAP 1987), *rev'd on other grounds* 841 F.2d 1467 (9th

in the *Thomas* and *Boyd* cases comports more closely with Congressional intent. Therefore, since the lien in the instant case was intended to effect a property division, the creditor's objection to confirmation is well-taken. The debtor shall have thirty days within which to file either a modified plan or a motion to convert or dismiss the case.

Cir.1988). While there is a decision of the Bankruptcy Appellate Panel arising out of this District which is contrary to the ruling announced in the instant opinion, that decision was not for publication and therefore, under BAP Rule 11(c), is not to be regarded as precedent.