In re Cynthia P. PLUMLEE, Debtor.

**BOWEN, SMOOT & LAUGHLIN, and Draine & McLaren, P.A., Plaintiff,**

v.

**Cynthia P. PLUMLEE, Defendant.**

Bankruptcy No. 84–00981.
Complaint No. 88–0073.

United States Bankruptcy Court,
D. South Carolina.

Jan. 11, 1989.

Doris M. McAndrew, Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford, P.A., Columbia, S.C., for plaintiffs.

Ivan N. Nossokoff, Charleston, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

Before the court in this adversary proceeding is the plaintiff law firm's motion for summary judgment pursuant to Rule 7056 of the Bankruptcy Rules. The parties have stipulated the facts. It is clear that there are no genuine issues of material facts; thus entry of judgment pursuant to Rule 7056 is appropriate.

The plaintiff, which is the law firm that had represented the defendant in her divorce case, commenced this action pursuant to Bankruptcy Rule 7001(2) seeking an order determining the priority of an alleged lien held by the plaintiff in property previously determined by this court to be subject to an exemption of alimony and support claimed by the defendant (the debtor). The plaintiff, by its motion, asks the court to find that it is the holder of an unavoidable statutory lien on at least a portion of the debtor's property subject to the alimony and support exemption, thus reducing the total exempt property by $90,509.18.

*Summary of Stipulated Facts*

The debtor filed for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101

*et seq.*[1]) on June 29, 1984. Only two weeks prior to that filing, on June 15, 1984, Beaufort County Family Court, in divorce proceedings between the debtor and her then husband, issued its divorce decree awarding her support arrearage in the amount of $53,137.48, lump sum alimony in the amount of $252,000.00 and attorney's fees and costs in the total amount of $90,509.18. The divorce decree provided in pertinent part:

> From all testimony and evidence presented, it appears that the only asset of Respondent in South Carolina which may be reached in order to expeditiously enforce any judgment of this court is his interest in the marital residence and possibly the excess of collateral held by the Small Business Administration. This court recognizes that a judicially ordered sale of the residence may be necessary to provide a source of funds to satisfy this court's award of lump sum alimony, child support arrearage, equitable division, attorney's fees and security for child support. The court is aware that the residence is encumbered by delinquent taxes, a mortgage (now in foreclosure), judgments and liens. If the residence is sold, the Respondent's obligations for judgments for support arrearage, support, lump sum alimony, equitable division, attorney's fees and security imposed by this order (and/or any additional amounts owing under prior orders) should be paid to Petitioner from the proceeds of the sale *in that order of priority.*

Divorce Decree of the Beaufort County Family Court, dated June 15, 1985, at 15. (emphasis added).

The plaintiff law firm, which represented the debtor in the divorce proceedings that resulted in the above order, now asserts that it is a statutory lienholder by virtue of Section 20–3–145 of the South Carolina Code of Laws (1976, as amended), which provides:

> In any divorce action any attorney fee awarded by the court shall constitute a

lien on any property owned by the person ordered to pay the attorney fee and such attorney fee shall be paid to the estate of the person entitled to receive it under the order *if such person dies during the pendency of the divorce action.*

The plaintiff posits that since its claim for attorney's fees constitutes a statutory lien, said lien is unavoidable under the provisions of § 522(f).

The granting of the plaintiff's motion would, in effect, afford the plaintiff's claim a priority status which contravenes the priority established by the Family Court order.

## Legal Discussion

### A

While the plaintiff's interpretation of § 522(f)'s treatment of statutory liens regarding exempt property is correct, plaintiff's contention that its claim for attorney's fees is a statutory lien is erroneous. If plaintiff's claim is a lien, it is, under the Code, a judicial lien. The Bankruptcy Code defines the terms "judicial lien" and "statutory lien" as follows:

> 11 U.S.C. § 101(32): '[J]udicial lien' means [a] lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

> \*    \*    \*    \*    \*    \*

> 11 U.S.C. § 101(47): '[S]tatutory lien' means [a] lien arising *solely* by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, *but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.*

(emphasis added.)

The legislative history of these definitions provides further insight into the dis-

---

**1.** Further references to the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) are by section numbers only.

tinction between statutory and judicial liens:

> The definition [of a statutory lien] excludes judicial liens and security interests, whether or not they are provided for or are dependent on a statute ... A statutory lien is only one that arises *automatically*, and is not based on an agreement to give a lien or on judicial action. Mechanic's, materialmen's, and warehousemen's liens are examples. Tax liens are also included in the definition of statutory lien.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 989, 95th Cong., 1st Sess. 27 (1978) U.S.Code Cong. & Admin. News 1978, pp. 5787, 5813, 6271. (emphasis added).

*Collier* distinguishes the two liens as follows:

> [A] judicial lien arises by virtue of judicial proceedings in the absence of which there would not be such a lien; yet [a] statutory lien by definition may arise without any judicial proceeding.

*Collier on Bankruptcy,* ¶ 101.46 at 101–81 (15th ed. 1985).

A lien, such as that which plaintiff claims under Section 20–3–145, Code of Laws of South Carolina (1976, as amended), cannot arise absent a court order awarding an attorney fee because that statute creates nothing absent a judicial order which creates the award. The statute in the first instance is directed to "any attorney fee *awarded by the court.*" According to the statute, the fee is assessed against "the person *ordered* to pay it;" and in the event of death, payment is made to the estate of the person "entitled to receive it *under the order.*"

■■■ The mere fact that a lien is dependent upon a statute is not determinative of whether such a lien is statutory or judicial for purposes of the Bankruptcy Code. As noted in 46 Am.Jur.2d § 238, *Judgments,*

Judgments are not, of themselves, liens upon property. A lien predicated upon the rendition or entry of judgment did not exist at common law.... Such liens are creatures of statutory provisions, owe their life and force entirely to legislation, and do not exist except by its authority.

Hence, the fact that there is a statute concerning liens for attorney's fees does not, in and of itself, mean that the lien is a "statutory lien" as that term is defined under the Bankruptcy Code.

An example of an attorney's fee statute that, arguably could be said to create a statutory lien is found in Section 12–5–119, Colorado Revised Statutes, which provides:

> All attorneys- and counselors-at-law shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client...."

Pursuant to that statute, the lien arises once the attorney enters into a contractual relationship with the client, the same as a mechanic's lien statute. However, under the South Carolina statute, Section 20–3–145, the lien does not arise absent a judicial proceeding which culminates in a court order—it is not effectuated simultaneously with the creation of the attorney/client relationship. Hence, it does not arise "solely by force of a statute on specified circumstances or conditions," as required by § 101(47).[2]

*In Re Chestnut,* 50 B.R. 309 (W.D. Oklahoma 1985), posed a question similar to that in the instant case. There the court held that the attorney's lien was avoidable under § 522(f). In *Chestnut,* the debtor was granted a divorce prior to her filing for bankruptcy. The divorce decree, in accordance with an Oklahoma statute, provid-

---

**2.** 11 U.S.C. § 101(47): "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

ed a lien against her homestead property in favor of her divorce attorney. The lien was created by a state statute which, unlike Section 20–3–145, specifically created a lien upon performance of the work by the attorney without the necessity of a court order. In asserting that his lien was a statutory lien, thus not avoidable under § 522(f), the attorney cited *Boyd v. Robinson*, (In Re Boyd) 31 B.R. 591 (D.Minn. 1983) *aff'd* 741 F.2d 1112 (8th Cir.1984), a case relied on by the plaintiff in the instant case. The *Chestnut* court, in rejecting the attorney's "statutory lien" argument, distinguished *Boyd*, noting that *Boyd* "specifically concern[ed] liens imposed pursuant to a divorce decree in favor of the debtor's former spouse, not a lien in favor of the debtor's attorney". The court further noted that despite the Oklahoma statute, the "obligation to pay [debtor's attorney] was created by the divorce decree which awarded the fee ·and granted the attorney's lien to secure payment". 50 B.R. 309 at 310. The lien in *Chestnut* attached prior to the debtor's filing for relief under the Bankruptcy Code; however, the court did not consider this determinative on the issue of whether such lien was avoidable.

### B

There is a second, and perhaps more compelling, reason that plaintiff's motion for summary judgment be denied.

▮ The Family Court order which provides the award for fees, specifically provided that the attorney's fees should be paid only *after* payment has been made for the "support arrearage, support, lump sum alimony [and] equitable division". A holding as requested by the plaintiff that its claim for fees be given a priority over the claims for alimony and support, would be in direct contravention to the very order which created the award. The plaintiff would have this court ignore the priority requirements of the Family Court order, while enforcing the other provisions of that order—to the disadvantage of other creditors.

At the time the Family Court issued its judgment, it could very well have not awarded the fees sought by the plaintiff, therefore leaving the matter up to the plaintiff and the debtor to resolve between themselves. Instead, it saw fit to issue an award, to be paid after the various support and alimony awards.

### Conclusion

It appears that any lien created by Section 20–3–145, Code of Laws of South Carolina (1976, as amended), was, at best, a judicial lien, not a statutory lien, as defined in the Bankruptcy Code, this court is not disposed to alter the priority of payment of the various support, alimony and fee awards established by the Family Court.

### ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff's motion for summary judgment should be, and the same is, hereby, denied.