**In re Homer Earl BROTHERS, Debtor.**

**Bankruptcy No. 88–08796.**

United States Bankruptcy Court, N.D. Alabama.

May 17, 1989.

---

J. Gullatte Hunter, III, Gadsden, Ala., for debtor, Homer Earl Brothers.

Donald R. Rhea, Gadsden, Ala., for Barbara Smith.

## FINDINGS OF FACT AND CONCLUSIONS BY THE COURT

L. CHANDLER WATSON, Jr.,
Bankruptcy Judge.

*Introduction—*

The above-styled case was commenced by the debtor's voluntary petition filed under title 11, chapter 7, United States Code, on September 12, 1988, and is pending before this Court under said chapter 7. On January 13, 1989, the debtor filed a "MOTION TO AVOID JUDICIAL LIEN," which contained an explanation of its character and purpose, as follows:

2. This motion is brought pursuant to 11 U.S.C. Section 522(f) and Bankruptcy Rule 4003(d) to avoid the judicial lien imposed on certain real property of the debtor located at Route 1, Box 214, Gallant, Alabama, 35972 under or arising out of the entry of the Final Decree of Divorce between debtor and his ex-wife, Barbara Smith f/k/a Barbara Brothers in Civil Action No. DR–86–259–DWS in the Circuit Court of Etowah County, Alabama;

3. Debtor avers that as a part of his Chapter 7 bankruptcy petition in the instant action he listed as a part of his claimed exemptions the equity in the above mentioned property to the extent of $5,000.00, and further avers that no objections to his claimed exemptions have been timely filed by any creditor or the Bankruptcy Trustee under Bankruptcy Rule 4003(b).

After notice, Barbara Smith (hereinafter "Smith") filed an objection to the motion and requested a hearing. At a hearing on the motion, each party directed the Court's attention to various provisions of the decree which divorced the parties from each other, and the Court took the issue under advisement.

*Findings of Fact—*

At the hearing on the motion, counsel for Smith presented the objection on the premise that the debtor had duly claimed a homestead exemption in the subject real property;[1] consequently, the Court will do likewise and does thus find.

It is obvious that each party intended that the Court consider the provisions of the divorce decree, purported copies of which are attached to Smith's proof of claim and to her attorney's proof of claim, in this case. The Court, therefore, takes judicial notice that the court decree which divorced the parties, dated September 26, 1986, provided in part, as follows:

FOURTH: That the defendant shall pay to the plaintiff the sum of $100.00 per month as alimony and support, said sum to be paid through the office of the Circuit Clerk of Etowah County beginning Friday, September 26, 1986 and payable on the third Friday of every month thereafter.

FIFTH: That all right, title and interest in and to the residence and acreage of the parties shall be vested solely in the defendant with the defendant being responsible for any and all outstanding indebtedness on said property and that plaintiff shall be held harmless for all mortgages and liens on same.

. . . .

EIGHTH: That the defendant shall pay to the plaintiff, as alimony in gross, the sum of $32,500.00 payable in one lump sum of $10,000.00 within 90 days of the date of this Order and that the balance of $22,500.00 shall be paid within two years of the date of the first payment and that the plaintiff shall maintain a lien on the residence and acreage owned by the parties and vested in the defendant until such time as the total sum of $32,500.00 is paid in full.

*Conclusions by the Court—*

In part, Bankruptcy Rule 7001 provides that an *adversary proceeding* includes a proceeding "to determine the validity, pri-

---

1. Code of Ala. § 6–10–2 (Cum.Supp.1988); 11 U.S.C. § 522(b)(2)(A).

ority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)," and a proceeding "to obtain a declaratory judgment relating to any of the foregoing...." Bankruptcy Rule 4003(d) provides that "[a] proceeding by the debtor to avoid a lien ... [on] property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014." It thus appears that the motion practice followed here is correct and that a complete adjudication of the matter submitted to the Court can be made on the debtor's motion to avoid Smith's lien and Smith's objection thereto.

It is obvious that the divorce decree granted periodic alimony to be paid by the debtor to Smith, in the Fourth paragraph, awarded to the debtor a fee simple title in "the residence and acreage of the parties", in paragraph Fifth, and awarded alimony in gross ($32,500.00) to be paid by the debtor to Smith in paragraph Eighth. Paragraph Eighth of the divorce decree also provided that "the plaintiff shall maintain a lien on the residence and acreage owned by the parties and vested in the defendant until such time as the total sum of $32,500.00 is paid in full."

In the bankruptcy statute,[2] provision is made in § 523(a)(5) that a discharge under § 727 does not discharge an individual debtor from any debt to a former spouse "for alimony to, maintenance for, or support of such spouse...." In *Black's Law Dictionary* (1979) it is stated that *"[a]limony in gross,* or in a lump sum, is in the nature of a final property settlement, and hence in some jurisdictions is not included in the term 'alimony,' which in its strict or technical sense contemplates money payments at regular intervals."[3] This Court, in its previous case of *In re Pody,* 42 B.R. 570, 12 B.C.D. 492 (Bankr.N.D.Ala.1984) held that "alimony in gross" or a property settlement does not constitute an obligation or a debt for alimony to, maintenance for, or support of a former spouse and does not constitute a debt made nondischargeable under the provisions of 11 U.S.C.

§ 523(a)(5). The obligation here owed by the debtor to Smith, therefore, does not present an issue of whether a conflict exists between the provisions of § 523(a)(5) and the provisions of § 522(f)(1), for this obligation is clearly subject to the debtor's discharge in this chapter 7 bankruptcy case.

On the other hand, the bankruptcy statute provides in § 522(f)(1) that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien...." The bankruptcy statute in § 101(33) states that " 'lien' means charge against or interest in property to secure payment of a debt or performance of an obligation" and in § 101(32) states that " 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." By the unambiguous terms of § 522(f)(1) and § 101(33) and (32), it appears that the debtor is entitled to avoid Smith's lien to the extent that it impairs the debtor's claimed Alabama homestead exemption of $5,000.00. If, for example, the debtor's equity in his residence was $8,000.00, the lien would not be avoided as to the excess of the value of his equity in the property above the $5,000.00 homestead exemption.

Smith, however, contends that the debtor is not entitled to avoid her lien on the real property to any extent and for this position relies upon the bankruptcy court's opinion in *In re Warren,* 91 B.R. 930 (Bankr.D.Or. 1988), which, in turn cites with approval the decision in *Boyd v. Robinson,* 741 F.2d 1112 (8th Cir.1984) (Ross, J., dissenting), and that bankruptcy court's own decision in *In re Thomas,* 32 B.R. 11 (Bankr.D.Or. 1983). In *Warren,* the bankruptcy court states that it concluded in its prior case "that liens intended to effect a division of property and imposed by dissolution decrees were not judicial liens within the meaning of § 522(f)(1)." 91 B.R. at 931. In a dissent in the *Boyd* case Circuit Judge

---

**2.** Title 11, United States Code.

**3.** Page 67.

Ross states that the district court found that the lien which was the subject of that case was not avoidable because it was not a judicial lien. 741 F.2d at 1115.

In *Boyd*, the majority of the Circuit Court panel stated that a Minnesota Court had awarded to a husband, in a divorce decree, $7,000.00 for his tangible and intangible contributions to the value of the equity in the parties' marital residence, which was awarded to the wife. Apparently, no specific lien on the property was declared by the decree of divorce, but the former wife sought in her later chapter 7 bankruptcy case to avoid her former husband's "judicial lien" under 11 U.S.C. § 522(f)(1). In the case now before the Bankruptcy Court, Smith also relies upon the *Boyd* decision as authority for the sustaining of her objection to the debtor's motion under § 522(f)(1) and Bankruptcy Rule 4003(d). The majority opinion in *Boyd* appears to rest upon an alternate conclusion of the district court in that case, which was that the ex-husband did have a lien on the former marital residence but not on the debtor's interest in the property. This judicial extrapolation was to the effect that a Minnesota statute and the former husband's tangible and intangible contributions to the enhancement of the equity in the real property combined to give him a marital interest in his wife's real property which, otherwise, was solely owned by her. That resulted in a conclusion that the former husband had a pre-divorce interest in the property and that the lien for the award of $7,000.00 to him did not attach to any "interest of the debtor in property." In the present case, there is no indication of such a pre-divorce interest of Smith in the debtor's real property, and the Bankruptcy Court is not required to deal with an issue resting upon the majority holding in the *Boyd* case.

Furthermore, Circuit Judge Ross, in his dissent in *Boyd*, concluded with the following:

The majority and district court decisions are an attempt to avoid the application of bankruptcy avoidance to property settlements. In the past, the federal courts have been hesitant to treat property settlements like other debts. *See, e.g.,* *In re Waller,* 494 F.2d 447 (6th Cir.1974). Congress' adoption of section 523(a)(5)(B) of the Bankruptcy Code to halt the practice of permitting state law to define what constitutes alimony or support (nondischargeable debts) and property settlements (dischargeable debts) reflects the congressional intent that property settlements should be treated the same as other debts in bankruptcy. While I agree that permitting avoidance of this lien is a harsh result, I cannot in conscience join the majority. This type of decision is for Congress. Once Congress has decided, its judgment should be respected. The majority opinion does not do so. Therefore, I must dissent.

741 F.2d at 1116.

In a similar vein, the Court of Appeals in *Maus v. Maus,* 837 F.2d 935 (10th Cir.1988) concluded its opinion with the following:

In sum, we hold that Nikki Maus may avoid Jesse's judicial lien on her homestead under section 522(f)(1). In so doing, we recognize that our decision may produce questionable results in some circumstances. However, we agree with the district court's observation that the policy considerations at issue have been weighed by Congress and embodied in the language of the Bankruptcy Act. It is the prerogative of Congress and not of the courts to adjust that balance.

To a similar effect is the majority holding in *In re Pederson,* 78 B.R. 264 (9th Cir. BAP 1987) (Elliott, J., dissenting). The writer here is convinced that judicial tampering with the bankruptcy statute, except in the most obvious and extreme instance of a congressional misprision, contributes to a hurtful deterioration of the constitutional division of powers between the Judiciary and the Congress and fully agrees with the quoted statement from Circuit Judge Ross's dissent in the *Boyd* case. Here, Smith's lien on the debtor's property is a "judicial lien" which is subject to avoidance under 11 U.S.C. § 522(f)(1), and a separate order will be entered overruling her objection and granting the debtor's motion to avoid the lien.

Done at Anniston, Alabama, on this May 17, 1989.