**In the Matter of Sheila ROSEN, Debtor.**

**Sheila ROSEN, Plaintiff,**

v.

**William ALDERSON and First American Title Insurance Co. of Mid America, Defendants.**

**Bankruptcy No. 83–00438.**
**Adv. No. 83–0414.**

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 22, 1983.

Michael D. Mandelman, Milwaukee, Wis., for plaintiff/debtor.

William F. Alderson, pro se.

Schloemer, Schlaefer, Alderson, Seefeldt & Spella, S.C., West Bend, Wis., for defendants.

MEMORANDUM DECISION

C.N. CLEVERT, Bankruptcy Judge.

The plaintiff, Sheila Rosen (Rosen), filed this adversary proceeding seeking to avoid Attorney William Alderson's (Alderson) claim to proceeds from the sale of her homestead on the ground that it is a judicial lien. Alderson denied that allegation, affirmatively alleged that Rosen had stipulated to the judgment which gave rise to his claim and asserted that the debtor's lien avoidance action was fraudulent. At the pretrial conference the parties agreed that the case could be disposed of by summary judgment and the case was accordingly submitted to the court.

The question thereby presented was whether Alderson's claim to the proceeds from the sale of Rosen's homestead was avoidable under 11 U.S.C. § 522(f)(1) or a consensual lien which did not come within the ambit of the statute.

FACTS

The facts were not disputed. William Alderson represented Sheila Rosen in a divorce proceeding in the Washington County (Wisconsin) Circuit Court from December, 1980, through November 20, 1981. However, Alderson ceased work on Rosen's case on August 21, 1980, and Rosen subsequently sought other counsel. A dispute regarding Alderson's fees ensued and on November 20, 1981, the parties and Rosen's new attorney appeared in divorce court and orally stipulated that the fee dispute be submitted to the Wisconsin State Bar Association Fee Arbitration Panel for settlement and that

at least the sum of $2,580.75 be withheld from Rosen's share of the property in the divorce case. The parties alternatively agreed that judgment be entered against Rosen's interest in the homestead—which had to be sold as part of the property settlement—and that $2,580.75 of the sale proceeds be held by the clerk of court pending receipt of the arbitration panel's decision.

At the end of the hearing and in conformity with the stipulation the circuit judge orally ordered judgment against Rosen in the amount of $2,580.75 to guarantee payment of Alderson's attorney fees and also ordered the clerk of court to hold that sum in trust if the homestead were sold.

The divorce court issued a final judgment after the arbitration panel rendered its report and decision in Alderson's favor on May 10, 1982.

## DISCUSSION

Where an individual debtor in a bankruptcy case has claimed property exempt and the exemption has been allowed, § 522(f)(1)[1] permits the debtor to avoid judicial liens which may impair the claimed exemption. But before the lien may be avoided, prevailing law dictates inquiry into how the lien was created. *Commonwealth National Bank v. United States (In re Ashe)*, 669 F.2d 105 (3rd Cir.1982); *Boyd v. Robinson (In re Boyd)*, 31 B.R. 591 (D.C.D. Minn.1983), affirming *Wicks v. Wicks (In re Wicks)*, 26 B.R. 769 (Bkrtcy.Minn.1982), and *Boyd v. Robinson (In re Boyd)*, 26 B.R. 772 (Bkrtcy.Minn.1982).

For example, in *Ashe* the third circuit examined a judgment lien on residential property which was merged with a cognovit note judgment in determining whether a bank's lien was a security interest or a judicial lien. Similarly in *Boyd* the district court scrutinized liens which were given effect against homestead property in two Minnesota divorce cases to determine how the lien claimants' interest came into being.

Analysis of the facts in this case shows that the parties agreed that Alderson should have a lien on Rosen's homestead and that the divorce court should give effect to their agreement by entering a judgment which would only become a lien against the homestead. Although the judgment unquestionably created a judicial lien, as defined by 11 U.S.C. § 101(27)[2], it is equally clear that the lien created a security interest, as defined in 11 U.S.C. § 101(37)[3].

But here, as in *Boyd,* the judicial lien is atypical in that the judgment creditor's lien did not and could not attach to the judgment debtor's unspecified real estate but rather was confined to a particular piece of property. In view of that distinct characteristic and the fact that the divorce court's judgment was a means of effectuating the will of the parties, this court finds that Alderson's lien is more akin to a security interest than a judicial lien. For that reason, and in accordance with *Boyd,* this court declines to put form over substance. It is, therefore, the finding of this court that Alderson's lien is a nonavoidable security interest and that judgment be entered in his favor.

---

1. Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsections (b) of this section, if such lien is—
  (1) a judicial lien;

2. (27) "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;

3. (37) "security interest" means lien created by an agreement;