**In re John Thomas DUNCAN and Katherine Virginia Duncan, a/k/a Katherine Virginia Mullins, Debtors.**

**John Thomas DUNCAN and Katherine Virginia Duncan, Appellants,**

v.

**Diane M. SCZEPANSKI, Appellee.**

No. 87–C–894–S.

United States District Court, W.D. Wisconsin.

March 15, 1988.

Galen Pittman, La Crosse, Wis., for appellants.

Bruce Brovold, Arcadia, Wis., for appellee.

### ORDER

SHABAZ, District Judge.

Petitioners John and Katherine Duncan are debtors in a bankruptcy action under Chapter 7 of the United States Bankruptcy Code. Petitioners filed an adversary complaint within the Chapter 7 proceeding to determine whether a lien on their real estate which was granted to John Duncan's former spouse, Diane Sczepanski, pursuant to a divorce decree, is a judicial lien avoidable under § 522(f)(1) of the Bankruptcy Code. Petitioners now appeal the decision of the bankruptcy court dismissing their adversary complaint and holding that the lien is not avoidable under the Bankruptcy Code.

This Court has jurisdiction to hear this appeal from the final order of the bankruptcy court pursuant to 28 U.S.C. § 158(a).

*Facts*

The parties have stipulated to the following facts:

Diane M. Sczepanski hereinafter Sczepanski and John T. Duncan hereinafter Duncan were married on November 6, 1975, a first marriage for Sczepanski and a second marriage for Duncan and thereafter resided together on a farm that was owned by Duncan prior to the marriage. In 1980 Sczepanski commenced a divorce action. A Marital Settlement Stipulation was reached as to certain issues but *not* as to *property division, child support, attorney fees* and *guardian ad litem fees*. These issues were tried to the Court on September 17, 1981. After briefs were filed, the Circuit Court for Jackson County (Wisconsin) issued a Memorandum Decision as to all of these issues on November 13, 1981. After an additional hearing, the Court filed its FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT OF DIVORCE.... The Memorandum Decision on page 14, ordered:

"(2) As a full, final and complete settlement the sum of $25,000.00 is awarded to Mrs. Duncan and subject to the following terms:

(a) Payable on or before January 1, 1982;

(b) A lien upon the entire farm of Mr. Duncan;

(c) In default of payment the following described 40, SE ¼ of the SE ¼ of Section 7–20–6 West, plus necessary egress and ingress, if necessary, over the W ½ of the NE ¼ of Section 18–20–6 West, will be transferred to Frank Bichanich, trustee, on January 1, 1982; that Mr. Bichanich is instructed to sell such property on sealed bids to the highest bidder, and that both Diane M. Duncan and John T. Duncan shall execute warranty deed for such conveyance under penalty of contempt of court; that in the event such amount is not sufficient, that the balance will be paid in a period of over five years with six month installments, commencing on July 1, 1982, with interest at the trade of 12 percent."

*Duncan did not consent to this property division* and, in fact, appealed the property division portion of the JUDG-MENT OF DIVORCE to the Wisconsin Court of Appeals. The Circuit Court property division was affirmed by the Court of Appeals.

The "40" described in paragraph (c) of the Memorandum Decision was sold by the trustee and Sczepanski received the proceeds leaving an outstanding balance which Duncan has not paid. On October 9, 1985, Sczepanski commenced an action to foreclose the lien on the balance of the farm described on page 14 of the Memorandum Decision. Because of a variance in the language between the Memorandum Decision and the JUDGMENT OF DIVORCE, the Jackson County Circuit Court was asked to determine whether the divorce judgment as docketed created a judicial lien or a mortgage lien which in fact which would allow a foreclosure proceeding under the Wisconsin Statutes....

On June 9, 1986 plaintiff filed a petition under Chapter 7....

For reasons not relevant here, the initial Chapter 7 file was closed before any decision on this lien issue was reached. On May 28, 1987, the Bankruptcy Court reopened the file and on June 4, 1987, Duncan filed this action asking that the lien created by the JUDGMENT OF DIVORCE be avoided. Sczepanski has answered stated that the lien is not one which may be avoided.

At all times relevant, the farm in question has been the homestead of Duncan. Duncan claimed the farm as exempt real estate pursuant to 815.20 in an amount not to exceed $40,000.00. The entire farm consists of 135 acres. Sczepanski objected to the designation of this property as exempt. A brief phone conference call Hearing was held on this question on July 28, 1986 and no decision was reached. Duncan claims that Sczepanski withdrew her objection to this exemption claim and Sczepanski denies withdrawing her objection.

Sczepanski alleges that there is still due her, under the terms of the Judgment of Divorce, the principal sum of $25,000.00 plus interest in the sum of

$10,820.70 computed to August 13, 1987. Sczepanski alleges that interest continues to accrue at $8.22 per day. This obligation was discharged on September 3, 1986.

### Memorandum

The sole issue before the Court in this matter is whether a lien on exempt property granted under a divorce judgment to secure payment of a property settlement may be avoided under § 522(f)(1) of the Bankruptcy Code. All facts having been stipulated, this issue is a question of law subject to *de novo* review by this Court. *In Re Evanston Motor Co., Inc.*, 735 F.2d 1029, 1031 (7th Cir.1984).

The Court finds that the decision of the bankruptcy court is in direct conflict with the unambiguous language of the Bankruptcy Code and therefore reverses the decision.

Section 522(f)(1) provides as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if the lien is—(1) a judicial lien. . . .

Judicial lien is defined in § 101(32) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Lien is defined in § 101(33) of the Bankruptcy Code as a "charge against or interest in property to secure payment of a debt or performance of an obligation."

In this case when the state court granted the divorce judgment it plainly created a lien to secure payment of the property settlement awarded by the divorce decree. The lien is, without a doubt, obtained in a judicial proceeding and grants an interest in property to secure payment of the obligation created by the property settlement. Sczepanski's lien fits precisely within the Bankruptcy Code's definition of a judicial lien.

This position was articulated by the dissent in *Boyd v. Robinson*, 741 F.2d 1112

(8th Cir.1984) (Ross, dissenting). Subsequent to the bankruptcy court's decision in this matter, this position has also been adopted by the Tenth Circuit Court of Appeals and by the Bankruptcy Appeals Panel for the Ninth Circuit. *Maus v. Maus*, 837 F.2d 935 (10th Cir.1988). *Pederson v. Stedman*, 78 B.R. 264 (9th Cir. BAP, 1987). This Court concurs in the reasoning of these decisions and the dissent in *Boyd*.

The bankruptcy court, as well as the cases it cites and the cases cited by the respondent, relied upon two principal arguments to find the lien unavoidable. First, the Court found that the lien did not "attach to the property of the debtor," as required by § 522. Second, the bankruptcy court found that because the lien replaced a preexisting interest in the real estate it is more like an equitable mortgage or security interest and is therefore not a judicial lien. The Court rejects these arguments.

The first argument, that the lien did not attach to the property of the debtor, is simply unsupported by the facts. The divorce decree grants "a lien upon the entire farm of Mr. Duncan." The plain intent of that decree is to declare that Mr. Duncan is the owner of the farm and is free to do anything with the property that an owner could do, subject to the lien granted to Sczepanski. The position in favor of finding that it did not attach to the property of the debtor argues that the existing interest does not pass to the debtor under the divorce decree but that the lien attaches to the preexisting interest of Sczepanski rather than to an interest of the debtor. "The problem with this convoluted theory is that, as the dissent in *Boyd* points out, 741 F.2d at 1112, the decree gives one party title outright and that is the interest to which the lien attaches." *Maus v. Maus*, 837 F.2d 939 (1987). Whether Sczepanski had a prior interest in the property is simply irrelevant. It is plain that whatever interest she had was extinguished by the divorce decree and that the debtor obtained sole ownership of the property, subject only to the lien granted to Sczepanski.

The second argument, that the lien granted to Sczepanski is not a "judicial

lien" because it is more like an equitable mortgage or security interest is equally unpersuasive. The federal definition of "judicial lien" is unambiguous and must control in this instance. *See McKenzie v. Irving Trust Co.*, 323 U.S. 365, 369–70, 65 S.Ct. 405, 407–08, 89 L.Ed. 305 (1945). The fact that the Wisconsin state court has held that such a lien is to be foreclosed under the mortgage statutes is irrelevant. "If state law were allowed to vary what would otherwise be a judicial lien by merely calling the interest an "equitable mortgage," havoc would result. *Boyd v. Robinson*, 741 F.2d at 1115 (Ross dissenting).

Whatever the interest of Sczepanski is called by Wisconsin state courts, it is plain that it does not fall within the definition of security interest provided in the Bankruptcy Code. Section 101(45) states that "security interest" means "lien created by an agreement." Here, it is absolutely undisputed that the lien was not created by agreement but was created in a disputed divorce trial. Accordingly, this Court does not need to reach the issue addressed by the bankruptcy court in *Rosen v. Alderson*, 34 B.R. 648 (Bkrtcy.E.D.Wis.1983), regarding whether a voluntary divorce settlement giving an interest in real estate creates a "security interest" rather than a "judicial lien." In this case, there being no agreement, it is apparent that the interest is not a security interest as defined in the Code.

Finally, in further support of its position, the bankruptcy court notes that this lien attached only to one piece of the debtor's property and is therefore not a judicial lien. Whether the lien attaches to all or part of the debtor's property is plainly irrelevant to the issue of whether it meets the definition of judicial lien under the Bankruptcy Code. The Code requires simply that the lien attach to "an interest of the debtor in property."

The decision of this Court is supported by the dischargeability of divorce debts as provided under the Bankruptcy Code. As respondent notes in her brief, "the property division debt was certainly dischargeable" under § 523. The legislature having determined that only maintenance and support obligations are nondischargeable, § 523(a)(5), there is little justification to hold that a lien enforcing a dischargeable property division debt should be unavoidable. This Court declines to join the herd of prior courts who have trampled the Bankruptcy Code in a rush to achieve their own perception of justice in the divorce setting.

The Court notes that there appears to remain a dispute among the parties as to whether the property to which the lien attaches is exempt property entitled to the lien avoidance provisions of § 522. Further factual development should be undertaken as necessary to resolve the issue.

Accordingly,

## ORDER

IT IS ORDERED that the bankruptcy court's order dismissing this action is VACATED and this matter is REMANDED to the bankruptcy court for those further proceedings which may be appropriate consistent with this decision.