**In re Gerald J. SANDERFOOT,
Debtor–Appellant.**

No. 88–C–373.
**Bankruptcy No. 87–02046.**

United States District Court,
E.D. Wisconsin.

Oct. 4, 1988.

Harvey G. Sampson, Appleton, Wis., for plaintiff.

Charles J. Hertel, Dempsey, Magnusen, Williamson & Lampe, Neenah, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Gerald Sanderfoot, a debtor in bankruptcy, sought to avoid a lien pursuant to 11 U.S.C. § 522(f). The bankruptcy court held that the lien was not avoidable, 83 B.R. 564; Mr. Sanderfoot appeals. The order of the bankruptcy court will be reversed.

The only issue before this court is an issue of law and, therefore, subject to de novo review by this court on appeal. *In Re Duncan*, 85 B.R. 80, 82 (W.D.Wis.1988), citing, *In Re Evanston Motor Co. Inc.*, 735 F.2d 1029, 1031 (7th Cir.1984). The issue on review is whether a debtor may, pursuant to 11 U.S.C. § 522(f), avoid a lien on his homestead arising from the contested property division in a divorce proceeding.

A lien may be avoided under 11 U.S.C. § 522(f)(1) if three requirements are met: (1) The lien is fixed on an interest of the debtor in property; (2) The lien impairs an exemption to which the debtor would otherwise be entitled; and (3) The lien is a judicial lien. *In Re Hart*, 50 B.R. 956, 960 (Bkrtcy.D. Nev.1985).

In the case at bar, there is no dispute that the lien is a judicial lien that impairs Mr. Sanderfoot's homestead exemption. Objection has been made to Judge McGarity's decision that the lien is not fixed upon a property interest of Mr. Sanderfoot. In arriving at that conclusion, Judge McGarity fully analyzed the Wisconsin law on the impact of divorce with regard to liens on real estate. Thereupon, the bankruptcy court followed the reasoning outlined in *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.

1984), which represents one branch of thought on this type of lien avoidance. However, other courts of appeals have rejected *Boyd*. *Maus v. Maus*, 837 F.2d 935 (10th Cir.1988), *see also Pederson v. Stedman*, 78 B.R. 264 (9th Cir. BAP 1987). The issue in this case has not been addressed by the court of appeals for the seventh circuit. However, the district court for the western district of Wisconsin did confront the identical issue and rejected the reasoning of *Boyd*. *In Re Duncan*, 85 B.R. 80 (W.D.Wis.1988).

Like Judge Shabaz, I discredit the reasoning in *Boyd*. The theory announced in *Boyd* and followed by Judge McGarity is that the lien does not attach to the property of the debtor, but rather, it attaches to the pre-existing interest of the non-debtor spouse; therefore, the debtor takes the property subject to an unavoidable lien. "The problem with this convoluted theory is that, as the dissent in *Boyd* points out, 741 F.2d at 1112, the decree gives one party title outright and that is the interest to which the lien attaches." *Maus v. Maus* 837 F.2d 935, 939 (10th Cir.1988).

I am unable to adopt the theory that the debtor acquired the property subject to a lien. Whatever pre-existing interests the parties had were extinguished by the divorce decree. New interests were simultaneously created: title in the homestead was given to Mr. Sanderfoot, and Mrs. Sanderfoot acquired a lien on that property. Now that Mr. Sanderfoot is in bankruptcy, the Bankruptcy Code provides that he may avoid Mrs. Sanderfoot's lien pursuant to § 522(f)(1) because he has met all of the statutory requirements of that section.

Therefore IT IS ORDERED that the order denying the debtor's motion under § 522(f)(1) be and hereby is reversed.