**Richard Evans ZACHARY,
Sr., Appellant,**

v.

**Janith L. ZACHARY, Appellee.**

**In re Richard Evans ZACHARY,
Sr., Debtor.**

**No. IP86–732 C.
Bankruptcy No. IP85–4555(V).**

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 21, 1989.

Edward Hopper II, Bamberger & Feibleman, Indianapolis, Ind., for appellant.

Conrad G. Harvey, Young, Harris & Harvey, Crawfordsville, Ind., for appellee.

## ENTRY

TINDER, District Judge.

This cause comes before the court on appeal from the Federal Bankruptcy Court. It presents an issue of whether a lien granted to the former wife of the debtor under a dissolution decree was an avoidable judicial lien under 11 U.S.C. section 522(f)(1). The court having reviewed the briefs submitted by the parties and being duly advised hereby AFFIRMS the decision of the Bankruptcy Court.

## BACKGROUND

On October 11, 1985, Richard Evans Zachary, Sr. (debtor) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On October 16, 1985, the debtor filed a Motion for Avoidance of Lien, naming Janith L. Zachary (creditor) as respondent. Mrs. Zachary's lien related to a dissolution decree issued by the Montgomery Circuit Court, State of Indiana, on August 22, 1985, ending her 34–year marriage to the debtor. A judgment was entered against Mr. Zachary pursuant to the dissolution decree and the court ordered a lien on the real estate awarded to Mr. Zachary to secure payment of that judgment. A balance of Twelve Thousand Dollars ($12,000.00) remains due on the judgment.

In his Motion for Avoidance of Lien Mr. Zachary requests an exemption in real estate of Seven Thousand Five Hundred Dollars ($7,500.00) pursuant to 11 U.S.C. section 522(f)(1). The Bankruptcy Court found that the debtor had not satisfied the requirements of lien avoidance under section 522(f)(1) and therefore, denied debtor's Motion. An appeal followed that presents two issues for decision by this court:

(1) Whether Mr. Zachary is precluded from asserting his exemption rights because of his failure to timely file a Schedule B–4 list of property claimed as exempt under section 522 of the Bankruptcy Code.

(2) Whether the lien established in the dissolution decree from the Montgomery Circuit Court is subject to avoidance under section 522(f)(1).

Each of these issues present questions of law and are therefore subject to *de novo* review by this court. *Duncan v. Sczepanski*, 85 B.R. 80 (W.D.Wis.1988) (citing, *In re Evanston Motor Co., Inc.*, 735 F.2d 1029, 1031 (7th Cir.1984)).

## A. *Failure to File Schedule B–4 Property List*

Bankruptcy Rule 4003 governs the debtor's right to claim an exemption under section 522. The Rule provides that a debtor shall have fifteen days to file a list of property claimed as exempt, Schedule B–4. That list is to be filed with the Schedule of Assets and other forms required to be filed in Bankruptcy Rule 1007. The list of exempt property was never filed in this case. However, five days after Mr. Zachary filed his voluntary petition, he filed a Motion for Avoidance of Lien. In that motion, Mr. Zachary stated that Mrs. Zachary's lien impaired an exemption to which he was entitled, namely the property exemption of Ind. Code section 34–2–28–1. Mr. Zachary maintains that said motion must be deemed as a claim for exemption. Thus, he asserts that he has complied with the time deadlines established in Rule 4003. In making his argument, the debtor cites to numerous cases which establish a liberal amendment policy in such cases. In this instance, however, the court is not faced with an amendment situation. Mr. Zachary never filed the schedule which he seeks to amend herein. Nonetheless, although Mr. Zachary has not timely claimed his exemption right, this court, like the Bankruptcy Court, is not deciding this case on a mere procedural point. The court below decided this case on the merits of the exemption, and this court will likewise proceed to a determination on the merits.

## B. *Lien Avoidance Under Section 522(f)(1)*

In order for the debtor to prevail on his Motion to Avoid Lien under section 522(f)(1) in this case, three conditions must be met:

[f]irst, the lien to be avoided must have fixed "on an interest of the debtor in property"; second, the lien must impair "an exemption to which the debtor would have been entitled"; and third, the lien must be a "judicial lien."

*Saxon v. Merchants Nat'l Bank & Trust Co.*, 51 B.R. 246, 248 (Bankr.S.D.Ind.1983); *Accord Cowan v. Cowan (In Re Scott)*, 12 B.R. 613, 614 (Bankr.W.D.Okla.1981). Thus, in considering this matter on appeal, the court must evaluate the debtor's Motion in light of the three conditions above in order to determine whether the debtor may avoid the lien herein. In researching the issue presented in this case concerning the avoidability of the lien arising from the dissolution decree, the court has discovered that a split of authority exists between the Federal Circuit Courts of Appeal that have addressed this issue. It has not been decided by the Seventh Circuit. Therefore, it is also incumbent upon this court to evaluate the debtor's Motion in light of conflicting law from other jurisdictions to determine the second issue presented in this appeal.

■ The court must first determine whether Mr. Zachary's lien attached to an interest of the debtor in property. This court holds that it does not. Mr. and Mrs. Zachary held the property at issue in this case as tenants by the entirety. Therefore, both parties had an interest in the property during the course of their marriage and at the time of their divorce. The dissolution decree in this case merely transformed the creditor/wife's interest from owner of one-half interest in the fee to that of lien holder.

In *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.1984), the Eighth Circuit Court of Appeals addressed the issue of this case, namely whether a lien on property arising from a dissolution decree is avoidable under section 522(f)(1). The court determined that the interests of each spouse in the home arise during the course of the marriage because of the use of marital assets for acquisition or because of contributions of assets made by each spouse during the marriage. *Id.* at 1114. In addition, the *Boyd* court recognized that the lien created in the dissolution proceeding was established for the purposes of protecting the

property interest of the creditor spouse that arose during the marriage. That is, "[t]he lien created by the family court to protect [creditor/husband's] interest in the homestead did not attach to an interest of [debtor wife's]. It simply recognized, and provided a remedy to enforce, a pre-existing property right in the marital home. The lien is not avoidable under section 522(f)(1)." *Boyd,* 741 F.2d at 1114–15.

In *Hart v. Hart,* 50 B.R. 956 (Bankr.D. Nev.1985), the court also concluded that a lien created in a dissolution proceeding to secure payment of a property settlement did not attach to an interest of the debtor in property and therefore did not satisfy the first condition of section 522(f)(1).

The *Hart* court stated:

> Congress intended to permit the avoidance of creditors' liens obtained in the rush before bankruptcy when the liens attached *after* the debtor had already acquired his or her interest in the property and not in the same transaction or judicial proceeding which transferred the interest to the debtor. In a dissolution proceeding, the document which conveys one spouse's interest in the homestead to the other spouse *simultaneously* creates a lien in favor of the spouse who will no longer be allowed to live in the residence. In effect, the property is conveyed subject to a lien to secure payment of the nonresident spouse's share of the property settlement.

*Id.* at 961. *Accord Cowan v. Cowan (In Re Scott),* 12 B.R. 613 (W.D.Okla.1981) (Document that created plaintiff's lien also operated to convey plaintiff's property interest to the defendant; therefore the property was conveyed to the defendant subject to plaintiff's lien.); *In re Thomas,* 32 B.R. 11 (Bankr.D.Or.1983) (The first requirement of section 522(f)(1) is not met where the dissolution decree creates lien concurrent with transfer of one spouse's interest in property to the other spouse. When the lien attaches simultaneously with the transfer of interest, it cannot be avoided, because section 522(f)(1) is designed to protect debtors from liens arising after the property interest is acquired).

The case law in opposition with *Boyd* is primarily critical of the concept that the creditor has a preexisting interest in the property. In *Pederson v. Stedman,* 78 B.R. 264 (9th Cir. BAP 1987) the court stated in an attempt to distinguish *Boyd:*

> The Superior Court's dissolution decree awarded the property outright to the debtor. Any interest [the creditor] may have gained during the marriage was extinguished by the marriage dissolution decree prior to the debtor's bankruptcy. In its place, the Superior Court granted [the creditor] an $8,000 judgment. The lien which accompanied this judgment clearly attached to "an interest of the debtor in property." Therefore, this lien was avoidable under section 522(f)(1).

*Id.* at 267. That is, the case law in opposition to *Boyd* focuses primarily upon the fact that the reasoning in *Boyd* is convoluted. According to the *Pederson* court, title to the property is granted to the debtor outright in the divorce decree; therefore, the lien of the creditor spouse necessarily attaches to the debtor's interest in the property and the first condition of section 522(f)(1) is satisfied. *See also, Duncan v. Sczepanski,* 85 B.R. 80, 82 (W.D.Wis.1988); *In re Sanderfoot,* 92 B.R. 802, 803 (E.D. Wis.1988).

In *Maus v. Maus,* 837 F.2d 935 (10th Cir.1988), the Tenth Circuit Court of Appeals, also seemingly adopted the position that a lien arising from a dissolution proceeding which vests outright title in the debtor attaches to an interest of that debtor in property for purposes of section 522(f)(1). *Id.* at 939. However the *Maus* court expressly limited its holding, noting that the case was distinguishable from cases where the dissolution decree itself embodied an agreement creating a lien on property to enforce the property settlement. This limitation was reasserted in *Parker v. Donahue,* 862 F.2d 259 (10th Cir.1988), where the court expressly stated:

> Whereas in *Maus,* the decree did indeed cut off all of the nondebtor spouse's interest in the property by awarding it to the debtor spouse "free and clear", in this case it clearly did not. [Credi-

tor/spouse's] "vested, but undetermined, interest in" the property continued and was secured by the lien created in the divorce decree. And whatever interest in the property [the debtor] received by virtue of the divorce decree he received subject to [creditor/spouse's] lien. *Thus, Maus does not completely foreclose the availability in this case of the argument that the lien did not attach to an interest of the debtor in property, for the purpose of determining whether the lien is avoidable by the debtor under section 522(f)(1).*

*Id.* at 264 n. 7 (emphasis added) (citation omitted).

The *Parker* court expressly left open the question of avoidability of the lien arising in the dissolution decree itself and limited the *Maus* holding to its facts. Therefore, the issue to be decided in the instant case remains unresolved in the Tenth Circuit.

Despite the existence of the split of authority, this court finds the reasoning behind the preexisting interest theory more persuasive. The proposition that both spouses have a property interest in the marital home that they hold as tenants by the entireties is well-established. Therefore, it is entirely consistent with the existence of those interests to determine that the dissolution decree which creates the lien also transfers the lienholders interest to the other spouse subject to the lien. The lien attaches at the same time as title is transferred; therefore, it does not attach to an interest of the debtor in property for purposes of section 522(f)(1). The debtor acquired the property interest subject to the lien; consequently, it does not fall within the ambit of the protection afforded by section 522(f)(1) and the first condition of lien avoidability is not satisfied in this case.

■ The third condition which must be satisfied in order for a lien to be avoidable under section 522(f)(1) is that the lien must be a judicial lien. Judicial lien is defined in 11 U.S.C. section 101(32) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Lien is defined in 11 U.S.C. section 101(33) as a "charge against an interest in property to secure payment of a debt or performance of an obligation." Thus, this court must determine whether the lien created in the dissolution decree is a judicial lien.

Case law which has determined that a lien like the one in this case is not a judicial lien has focused on the nature of interest that the lien was created to protect. That is, courts have recognized that the interest in the property is not created by the imposition of the lien. The creditor's interest in the property is created by state law, by virtue of the fact that the parties owned the home as a married couple. The interest that each party has in the property is created by conveyance of the property to them as husband and wife. That interest is merely effectuated by the imposition of a lien in the dissolution decree. *See, e.g., Hart v. Hart,* 50 B.R. 956, 961 (Bankr.D. Nev.1985) ("[T]he apparent intent of the parties [herein] was to create ..., a lien on the residence representing the plaintiff's equity therein. Accordingly, the lien arises either by virtue of an express agreement or, at least, the imposition of an equitable lien.... As such, it qualifies as a security interest rather than a judicial lien.")

The cases which hold that the lien created in the dissolution decree is a judicial lien theorize that the lien is created by the court in the dissolution decree and as such it arises as a result of a judicial proceeding. Thus, these courts hold that under the plain meaning of the phrase judicial lien under the Bankruptcy Code, the lien in the decree is a judicial lien. *See, e.g., Pederson v. Stedman,* 78 B.R. 264, 267 (9th Cir. BAP 1987) (The dissolution decree imposed a lien on the real property of the debtor. It was imposed by a court decree and as such, it falls squarely within the Code's definition of judicial lien.); *Duncan v. Sczepanski,* 85 B.R. 80 (W.D.Wis.1988) (The federal definition of judicial lien is unambiguous and must control where, as here, the lien is imposed by a court decree it is a judicial lien.)

Although the argument that a lien created in a divorce decree is necessarily a judicial lien, because of the clear and unambiguous definition of that phrase in the

Code would appear to be meritorious at first blush, upon further consideration the flaws in that argument become apparent. The District Court opinion in *Boyd v. Robinson,* 31 B.R. 591 (D.Minn.1983) is instructive on the deficiency inherent in the literal interpretation and application of the phrase "judicial lien". The *Boyd* court said:

> [t]he interest [herein] was created by family state law, the lien itself secures this preexisting interest and functions the same as a security interest. *To label this a judicial lien merely because it is a lien which was imposed in a judicial proceeding puts form over substance.*

*Id.* at 595 (emphasis added).

As the court noted in *In re Sanders,* 61 B.R. 381, 383 (Bankr.D.Kan.1986), "[i]t is the origin of the creditor's interest rather than the means of enforcement that determines the nature of the lien." In the instant case, Mrs. Zachary's interest in the property predated the dissolution decree. The lien simply recognized and provided a remedy to enforce a preexisting property right in the marital home. The interest recognized in the judgment and the concurrent lien of the dissolution decree existed prior to the entry of judgment. Therefore, it is not a "lien obtained by judgment", that is, it is not a judicial lien for purposes of section 522(f)(1) and the appellant has failed to satisfy the third condition for lien avoidance under that section.

The second condition of section 522(f)(1) requires that the lien impair an exemption to which debtor would have been entitled. Since the court has determined that Mr. Zachary has not met the first and third conditions of section 522(f)(1), it is unnecessary to address the second condition.

Because the court finds that the lien in favor of Mrs. Zachary does not satisfy the conditions for avoidance in section 522(f)(1), the order of the Bankruptcy Court denying Debtor's Motion to Avoid Lien is hereby AFFIRMED.