**In re James Kent RITTENHOUSE
d/b/a J & K Rittenhouse.**

No. 88–1487–C.

United States District Court,
D. Kansas.

July 25, 1989.

As Amended Aug. 28, 1989.

Lynn D. Allison, Wichita, Kan., for debtor.

L.H. Goossen, Newton, Kan., for appellant.

Edward J. Nazar, Wichita, Kan., trustee.

Carol A. Park, Wichita, Kan., U.S. trustee.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before this court on appeal of the bankruptcy court's memorandum of decision and judgment of decision which were filed August 4, 1988. The bankruptcy court therein granted the motion of debtor, James Kent Rittenhouse, and avoided a lien on his homestead held by his former spouse, Nancy Carol Rittenhouse. Mrs. Rittenhouse appeals the decision arguing the bankruptcy court erred in holding that *Maus v. Maus*, 837 F.2d 935 (10th Cir.1988) was strictly controlling and, therefore, she had an avoidable judicial lien under 11 U.S.C. § 522(f)(1). Appellant does not object to the bankruptcy court's findings of fact and argues only that the divorce decree and the *Maus* decision were misinterpreted.

As husband and wife, James and Nancy Rittenhouse acquired title on January 30, 1976, to what became their homestead. They were divorced on September 9, 1981, in the District Court of Hodgeman County, Kansas, Case No. 81–DR–6. By a journal entry filed December 28, 1982, the state district court divided the parties' property, stating in relevant part:

The plaintiff shall have set aside to him all of the farm machinery, as identified in the exhibits in this case, subject to any and all indebtedness thereon, *free and clear of any interest* of the defendant.

The plaintiff shall have *set over to him as his sole and separate property* the farm residence legally described as follows,.... The property shall be set aside to the plaintiff *subject to any and all indebtedness thereon.*

. . . .

The *defendant is granted one-half (½) equity* in the home which has been determined by this Court to be Twenty Three Thousand One Hundred Dollars ($23,100.00), her share being Eleven Thousand Five Hundred Fifty Dollars ($11,550.00). The *plaintiff shall pay the defendant said sum* of $11,550.00 in five (5) equal annual installments, the first installment being due the first day of January, 1987, however, the unpaid balance on said equity shall carry and maintain interest thereon at the rate of nine per cent (9%) per annum, beginning on March 1, 1983. *The sums hereby set aside to the defendant shall constitute a lien upon the residence subject only to the first and prior mortgage currently held on behalf of the Federal Land Bank.* (emphasis added).

The debtor, James Kent Rittenhouse, filed his voluntary petition under Chapter 12 of the Bankruptcy Code on June 22, 1987. Debtor exempted as his homestead the property at issue and listed as a secured creditor his former spouse.

The debtor filed an application to avoid the interest of Mrs. Rittenhouse as a judicial lien. She timely objected to the application claiming she retained a one-half interest in the equity of the property which was not a judicial lien. The bankruptcy court interpreted the divorce decree as clearly creating only a lien upon the residence in favor of Nancy Rittenhouse. The bankruptcy court also construed *Maus* to hold "that under Kansas law any lien created by a divorce decree was a 'judicial lien' and that one spouse could avoid the other

spouse's judicial lien on a claimed homestead property." (citations omitted). From these premises, the bankruptcy court concluded that Mrs. Rittenhouse's interest in the debtor's homestead was a judicial lien avoidable under § 522(f)(1).

The court's standard of review is *de novo* as the only issues on appeal involve the bankruptcy court's legal determinations. *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399–400 (10th Cir.1986).

The debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exception to which the debtor would have been entitled under subsection (b) of this section [homestead], if such lien is—(1) a judicial lien...." 11 U.S.C. § 522(f)(1). This relief is available if the debtor proves three elements: 1) the lien was fixed on an interest of the debtor in property; 2) the lien impairs an exemption to which the debtor is otherwise entitled; and 3) the lien is a judicial lien. *In re Conway*, 93 B.R. 731, 733 (Bankr.N.D.Okl.1988); *In re Hart*, 50 B.R. 956, 960 (Bankr.D.Nev.1985). The Bankruptcy Code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding...." 11 U.S.C.A. § 101(32) (West Supp.1989).

With some trepidation, the court wades into waters muddied before it with little hope of settling anything but the instant dispute. Courts have had "some difficulty in defining precisely the interest of an ex-spouse arising out of a property settlement during a divorce proceeding." *In re Donahue*, 862 F.2d 259, 262 (10th Cir.1988) (citation omitted). "Many courts have struggled to find theories under which a lien to enforce a property settlement survives bankruptcy." *Maus v. Maus*, 837 F.2d at 939. Three of the "survival" theories identified and employed by the courts are equitable lien, consensual lien, and a lien which does not attach to debtor's existing property interest. After briefly summarizing the status of these theories in light of Tenth Circuit precedent, the court will determine which of the theories the appellant advances. Finally, the court will discern what interests were created by the journal entry of divorce and whether they fit the theory asserted by plaintiff.

In *Maus*, the Tenth Circuit addressed each of the three theories and found them inapplicable to the facts of the case. Because the property settlement agreement granted the property to the wife "free and clear of all claims" of the husband, there was no agreement to create any type of consensual lien on the property to enforce the property settlement. 837 F.2d at 938–37. Also observing that the divorce decree did not expressly grant a lien, the Tenth Circuit reasoned that "if the decree imposes a lien at all, it is a judgment lien under Kan.Stat.Ann. § 60–2202(a)." 837 F.2d at 939. Again in reliance upon the fact that the decree awarded one spouse title outright, "free and clear" of the other spouse's claims, the Tenth Circuit concluded the judicial lien necessarily attached to the debtor/spouse's interest. 837 F.2d at 939. The court was critical of the theory espoused by the Eighth Circuit in *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir.1984), that the lien attaches to the preexisting interest of the creditor/spouse rather than to the debtor/spouse's interest. 837 F.2d at 939. The court remarked: "The problem with this convoluted theory is that, as the dissent in *Boyd* points out, (citation omitted), the decree gives one party title outright and that is the interest to which the lien attaches." *Id.* The Tenth Circuit likewise rejected the equitable mortgage theory since there were no findings of fact to sustain such relief. 837 F.2d at 939. The *Maus* decision is undoubtedly susceptible, as shown by the bankruptcy court's decision in the present case, to a broad and possibly expansive construction which would support the avoidance of any lien, not consensual, created by the divorce decree.

In their next brush with the "survival" theories, the Tenth Circuit stepped back from the definitive statements in *Maus* and circumscribed it as precedent limited for the most part to its unique facts. *In re Donahue*, 862 F.2d 259 (10th Cir.1988). The terms of this divorce decree, entered by another Kansas district court, awarded

a money judgment against the husband (Donahue) and conveyed certain real property to him "subject to any indebtedness thereon and to the judgment to plaintiff [wife, Parker]...." 862 F.2d at 260. Both the bankruptcy court and the district court found the former wife to be an unsecured creditor of the debtor/former husband. While not deciding the issue of avoidability of a lien, the Tenth Circuit employed the same analysis in discerning the nature of the interest created by the divorce decree. 862 F.2d at 262.

After summarizing *Maus's* holdings on each of the three theories, the court then narrowly construed them. As to whether a lien created by the divorce decree attaches to the debtor/spouse's interest, the Tenth Circuit noted the conclusion in *Maus* that " 'any lien in this case attached to an interest of the debtor within the meaning of section 522(f)(1).' " 862 F.2d at 264 (quoting *Maus*, 837 F.2d at 939)). In a footnote following this quotation, the court resuscitated this theory thought dead after *Maus:*

> We note that our discussion in *Maus* of marital property rights in Kansas has been criticized. *See In re Sanderfoot,* 83 B.R. [564] at 569 ("[I]t appears that under Kansas divorce law ... the nondebtor spouse *did* have a pre-existing interest in the property which passed to the debtor via the divorce decree, and the *Maus* court failed to recognize that interest."). Nonetheless, even the *Sanderfoot* court recognized that our decision in *Maus* "may have been correct because of the parties' agreement." *Id.* Thus, the terms of the agreement in *Maus* are crucial to the proper interpretation of our decision in that case.

> Additionally, the terms of that agreement distinguish *Maus* from our case. As we noted in *Maus:*

"Once a divorce petition is filed, 'each spouse becomes the owner of a vested, but undetermined, interest in all the property individually or jointly held. The court is obligated to divide the property in a just and equitable manner, regardless of the title or origin of the property.' The court may cut off all of a spouse's rights to property by using specific language, *as was done here*. This construction of the nature of marital rights in Kansas by the Kansas courts clearly defeats the theory of a pre-existing property interest which is not extinguished by the divorce decree. We therefore conclude that *any lien in this case* attached to an interest of the debtor within the meaning of section 522(f)(1)."

*Maus*, 837 F.2d at 939. (emphasis added) (citations omitted); *compare Boyd v. Robinson (In re Boyd),* 741 F.2d 1112 (8th Cir.1984); *In re Sanderfoot,* 83 B.R. 564 (Bankr.E.D.Wis.1988); *In re Williams,* 38 B.R. 224 (Bankr.D.Okla. 1984); *In re Thomas,* 32 B.R. 11 (Bankr. D.Or.1983). Whereas in *Maus,* the decree did indeed cut off all of the nondebtor spouse's interest in the property by awarding it to the debtor spouse "free and clear," in this case it clearly did not. Parker's "vested, but undetermined, interest in" the Property continued and was secured by the lien created in the divorce decree. And whatever interest in the property Donahue received by virtue of the divorce decree he received subject to Parker's lien. *See generally In re Sanderfoot,* 83 B.R. at 567–68. Thus, *Maus does not completely foreclose the availability in this case of the argument that the lien did not attach to an interest of the debtor in property, for the purpose of determining whether the lien is avoidable by the debtor under section 522(f)(1). Because, as we indicate infra, we do not reach the question of avoidability of any lien in this case, we do not pursue this issue.*

862 F.2d at 264 n. 7 (emphasis added). The court went on to hold that the divorce decree had "the effect of dividing the asset by leaving the property with Donahue [husband] and directing him to purchase Parker's [wife] interest in the Property for $43,650, secured by a 'mortgage' on the Property." 862 F.2d at 266. Since the wife failed to record the mortgage, the court construed the decree as creating an equitable lien. *Id.* The court did not address whether an equitable lien was an avoidable judicial lien, but it did note a

disagreement between the courts on this issue and suggested that the legislative intent to § 522(f)(1) would support treating a lien created by the divorce decree as other than an avoidable lien. 862 F.2d at 266–67 n. 11.

Since the Tenth Circuit in *Donahue* did not resolve the issue of avoidability under § 522(f)(1), the state of the law on the three theories is somewhat uncertain. What is clear is that the Tenth Circuit has not foreclosed the availability of any of the three theories and has made each factually dependent upon primarily the terms of the divorce decree. One other district court has analyzed the Tenth Circuit decisions of *Donahue* and *Maus* finding the former to have "left open the avoidability of the lien arising in the dissolution decree itself" and the latter to have been limited to its facts. *Zachary v. Zachary*, 99 B.R. 916, 919 (S.D. Ind.1989).

As exemplified by the instant case, the bankruptcy courts in this district have broadly construed and applied the *Maus* case. *See In re Alvarado*, 92 B.R. 923 (Bankr.D.Kan.1988); *In re Lynch*, No. 88–10830, and *In re Anthony*, No. 88–11238, (Bankr.D.Kan. Apr. 17, 1989) (Pearson, J.) (consolidated for decision). In the consolidated cases before Judge Pearson, the divorce decrees awarded the homestead to one spouse "free and clear of any claim" of the other spouse but expressly subjected the property to a lien in favor of the other spouse to protect the money judgment. While noting this latter provision to be distinguishable from *Maus*, Judge Pearson reasoned:

> *Maus* can be distinguished from the present cases because the divorce decree involved in *Maus* did not expressly create a lien on the homestead. Rather the lien arose under state law to secure the judgment granted in the divorce. However, the court stated: "Even if such a lien were created, we agree with the district court that it would be a judicial lien...." 837 F.2d at 938. The clear implication is that any judicially created lien is avoidable under § 522(f).

(Memorandum of Decision at 7, Apr. 17, 1989). This court does not agree with that conclusion. First, the quotation from *Maus* only states that assuming a lien on the homestead arose by operation of K.S.A. 60–2202, then it would be a judicial lien. Second, the Kansas Supreme Court in *Bohl v. Bohl*, 234 Kan. 227, 228, 670 P.2d 1344 (1983), did refer to a lien specifically imposed by a divorce decree as a judicial lien, a point obliquely made in *Maus*, but *Bohl* does not address the issue of avoidability of judicial liens. Finally, proof of a judicial lien is only one of three elements to be satisfied before a lien is avoided under § 522(f)(1). The more critical element, which is assumed in the bankruptcy court's conclusion, is whether the judicial lien has attached to the interest of the debtor/spouse under the terms of the divorce decree. *Donahue*, 862 F.2d at 264 n. 7.

Appellant contends that the divorce decree creates an equity interest in the homestead for her subject to her ex-husband buying out that interest. The decree valued her equity interest at $11,550 and directed Mr. Rittenhouse to pay her that "sum" in five annual installments. The decree further provided that the "sums hereby set aside to the defendant shall constitute a lien upon the residence...." Appellant stresses that the divorce decree does not award Mr. Rittenhouse the homestead "free and clear" of her claim or interest. Simply put, appellant considers the divorce decree to have reserved to her ex-husband eventual sole ownership of the real property subject to his purchase of her equity interest in that property.

Appellant's argument strongly resembles the theory discussed in footnote seven of the *Donahue* decision. 862 F.2d at 264 n. 7. She argues the decree did not cut off her interest in the subject property as it was not awarded "free and clear" to her husband. Appellant also contends her interest in the property continues. The *Donahue* case follows through with these premises in explaining that appellant's interest is secured by the lien expressly granted by the decree, that the husband's interest received through the decree was subject to that lien, and that the lien did

not attach to an interest of the debtor for purposes of § 522(f)(1). As the facts and arguments facilely fall within the exception outlined in footnote seven of *Donahue*, this court finds that Nancy Rittenhouse's interest in the homestead was not avoidable under § 522(f)(1). The decree did not terminate Nancy's "vested, but undetermined interest" in the property, and it merely created a lien to secure that interest. *See Donahue*, 862 F.2d at 264 n. 7. Whatever interest in the homestead James Rittenhouse received through the decree was conveyed already subject to Nancy's lien. *Id. See also In re Conway*, 93 B.R. 731, 734 (Bankr.N.D.Okl.1988); *In re Sanderfoot*, 83 B.R. 564, 568–69 (Bankr.E.D.Wis.1988), *rev'd*, 92 B.R. 802 (E.D.Wis.1988); *In re Hart*, 50 B.R. 956, 961 (Bankr.D.Nev.1985); *In re Thomas*, 32 B.R. 11, 12 (Bankr.D.Ore. 1983).

The survival of the lien in this case after bankruptcy is consistent with legislative intent and does not defy express statutory language. Congress contemplated § 522(f) as providing the debtor some relief from the creditors who beat the debtor to the courthouse and bring a legal action shortly before bankruptcy. H.Rep. No. 595, 95th Cong., 1st Sess. 126, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6087. This stated legislative goal indicates the only liens intended to be avoidable were those that attached after the debtor had already acquired the property or to an existing interest of the debtor. *See In re Hart*, 50 B.R. at 961. The precise terms of § 522(f)(1) allow the debtor to "avoid the fixing of a lien on an interest of the debtor...." As written, § 522(f)(1) only allows the avoidance of those liens that became attached to the property when it was owned by the debtor. If this issue of timing were not critical, § 522(f)(1) would otherwise have allowed the debtor to avoid a *lien fixed* to an interest of the debtor.

The Ninth Circuit has recently rejected the *Boyd* approach for treating the lien as not having attached to the debtor/spouse's interest. *In re Pederson*, 875 F.2d 781 (9th Cir.1989). The court considered the analysis in *Boyd* flawed as the divorce decree dissolved the creditor/spouse's pre-existing interest in the property and awarded the property solely and separately to the debtor/spouse before imposing the lien. 875 F.2d at 783. The Ninth Circuit also relied on the statement in *Maus* but did not mention the *Donahue* decision, the last word from the Tenth Circuit on this theory. The dissenting opinion in *Pederson* criticizes the majority as giving a mechanistic construction to the state court divorce decree. 875 F.2d at 784. This is the same attack essentially made by the Tenth Circuit in *Donahue* against its earlier decision in *Maus*.

Another district court has recently followed the pre-existing interest theory, noting in pertinent part:

> The proposition that both spouses have a property interest in the marital home that they hold as tenants by the entireties is well-established. Therefore, it is entirely consistent with the existence of those interests to determine that the dissolution decree which creates the lien also transfers the lienholders interest to the other spouse subject to the lien. The lien attaches at the same time as title is transferred; therefore, it does not attach to an interest of the debtor in property for purposes of section 522(f)(1). The debtor acquired the property interest subject to the lien; consequently, it does not fall within the ambit of the protection afforded by section 522(f)(1) and the first condition of lien avoidability is not satisfied in this case.

*Zachary*, 99 B.R. at 919. Under Kansas law, once a petition for divorce is filed "each spouse becomes the owner of a vested, but undetermined, interest in all the property individually or jointly held." *Cady v. Cady*, 224 Kan. 339, 344, 581 P.2d 358 (1978). The filing of a divorce petition "creates a species of common or co-ownership and a vested interest in one spouse in all the property individually or jointly owned by the other, the extent of which is to be determined pursuant to K.S.A.1986 Supp. 60–1610(b)." *In re Marriage of Smith*, 241 Kan. 249, 256, 737 P.2d 469 (1987). The divorce decree both creates a lien in favor of one spouse and conveys

**256**

some interest to the other spouse. The interest transferred to the debtor/spouse is already subject to the lien, thereby making § 522(f)(1) unavailable.

IT IS THEREFORE ORDERED that the bankruptcy court's order granting debtor's motion to avoid the lien of Nancy Carol Rittenhouse is reversed, and the debtor's motion to avoid the lien is denied.