**In re Walid ELKHATIB, Debtor.**

**Zeyn ELKHATIB, Plaintiff,**

v.

**Walid ELKHATIB, Defendant.**

**Bankruptcy No. 88 B 09951.
Adv. No. 89 A 0269.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 16, 1989.

---

Georgette Nabhani, Robert Habib, Chicago, Ill., for debtor/defendant.

Steven Greenberg, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The Debtor's ex-wife Zeyn Elkhatib filed a two count complaint to determine the existence of a lien and the dischargeability of a debt arising out of a Judgment for Dissolution of Marriage. Zeyn has requested judgment on the lien issue and the Debtor, Walid Elkhatib, has moved for summary judgment on both counts.

Zeyn's complaint raises two issues: first, whether the $64,500 awarded to Zeyn in the Judgment for Dissolution was intended for her support and maintenance (in which case her claim for that amount would not be dischargeable); and second, whether the Judgment for Dissolution created a judicial or equitable lien on Walid's Dunkin Donuts franchise. This Court will enter judgment for the Debtor because (1) the $64,500 award was intended to be a property division, not support for Zeyn, and therefore the debt is dischargeable; and (2) Zeyn does not hold a judicial lien or equitable lien on the Debtor's property.

*Facts*

The parties, Zeyn and Walid Elkhatib, were married on September 9, 1981. During their marriage (and thereafter), Walid owned and operated a Dunkin Donuts franchise. The Elkhatibs' marriage ended in June of 1988 when the Circuit Court of the Eighteenth Judicial District of Illinois entered a Judgment for Dissolution of Marriage. In this Judgment, the state court found that Zeyn was an "able bodied person capable of employment, and capable of supporting herself, and is not in need of maintenance from [Walid]". *Elkhatib v. Elkhatib*, No. 86 D 1511, Slip Op. at 7 (April 27, 1988). The state court therefore ordered that Zeyn "is barred from seeking maintenance from [Walid]." *Id.*

The state court further found that the Dunkin Donut franchise was a marital asset. The court then ordered that 50% of the value of the franchise be awarded to Zeyn and that Walid "shall pay to [Zeyn] the sum of $64,500 for her interest in said business." *Id.* at 8. The payment was to be made within sixty days of the entry of the Judgment for Dissolution. Walid was "awarded the sole and exclusive ownership of the Mannheim Road Dunkin Donuts, free and clear from any liens or right of [Zeyn]". *Id.* at 7.

On June 6, 1988, Walid filed for relief under Chapter 11 of the United States Bankruptcy Code. The franchise is now part of Walid's bankruptcy estate. On March 16, 1989, Zeyn filed the two count complaint now before the Court. Count I alleges that the $64,500 was for her support and is therefore non-dischargeable. Count II requests a declaratory judgment finding that Zeyn had a judicial lien on the Dunkin Donuts franchise. In her brief in support of Count II, Zeyn also argues that she has an equitable lien on the Dunkin Donuts franchise. Walid has filed a cross motion for summary judgment on Count II and a motion for summary judgment on Count I. Zeyn has not filed a response to these motions and neither party has filed statements under Rules 12(*l*) and 12(m) of the General Rules of the United States Bankruptcy Court for the Northern District of Illinois.

The Court finds that there is no genuine issue of material fact in dispute here. The only dispute is to the legal effect of the Judgment for Dissolution.[1]

---

1. Both parties have requested summary judgment on Count II. While only Walid has re-

*Issue I—Maintenance or Property Division.*

A debt created by a division of marital property can be discharged in bankruptcy; an obligation to make maintenance or support payments to a spouse cannot. 11 U.S.C. § 523(a)(5)[2]; *In re Bell,* 61 B.R. 171, 174 (Bankr.S.D.Tex.1986). Hence the frequency with which bankruptcy courts must determine whether an obligation under a divorce decree or like document is truly in the nature of alimony, maintenance or support, even if it is characterized as a division of property.

Although the standards for distinguishing support payments from property settlements for the purposes of dischargeability are not entirely clear, bankruptcy courts have attempted to lay out certain guidelines. In *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983) the court established a test to determine dischargeability, which may be applied to all support cases brought under 11 U.S.C. § 523(a)(5). *In re Helm,* 48 B.R. 215 (Bankr.W.D.Ky.1985).

The threshold question under the *Calhoun–Helm* test is whether the intent of the divorce court and the parties was to provide support or divide marital property. *Helm,* 48 B.R. at 221. In making this assessment, the bankruptcy court is not bound by the labels of the divorce court. *Matter of Woods,* 561 F.2d 27, 29 (7th Cir.1977); *Nichols v. Hensler,* 528 F.2d 304 (7th Cir.1976); *In re Renzulli,* 28 B.R. 41, 43 (Bankr.N.D.Ill.1982). The burden is on the plaintiff to establish the intent to create a non-dischargeable debt. *Calhoun,* 715 F.2d at 1111.

■ The question here, therefore, is whether Zeyn can show that the state court

intended to have Walid contribute to Zeyn's support. Here, the state court found that Zeyn did not need support from Walid—a finding not challenged here. The state court expressly awarded the $64,500 as compensation for Zeyn's share of a marital asset after valuing that asset. It is clear to this Court that the $64,500 payment obligation was part of a property division, and was not intended to be, and is not in the nature of, maintenance or support. Therefore, Walid's motion for summary judgment on Count I is granted and the debt is held to be dischargeable.

*Issue II—Whether Zeyn has either a judicial lien or an equitable lien on the Dunkin Donuts franchise.*

■ **A. Judicial Lien.** Zeyn first argues that the Judgment for Dissolution created a judicial lien in her favor on the franchise. The language of the Judgment for Dissolution (emphasis added) is plainly to the contrary:

> [Walid] shall be awarded the sole and exclusive ownership of the Mannheim Road Dunkin Donuts, *free and clear from any lien or right of [Zeyn],* and he shall be responsible for any debts or obligations arising therefrom. [Walid] shall pay to [Zeyn] the sum of $64,500 for her interest in said business. Said sum shall be paid within sixty (60) days of the date of the entry of the Judgment for Dissolution.

The terms "lien" and "judicial lien" are terms of art and are defined by the Bankruptcy Code. A "judicial lien" is a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. § 101(32). A "lien" is a charge against or interest in property to

quested summary judgment on Count I, Zeyn has stated that the "Bankruptcy Court can review the pleadings and the record before it and make a determination as to whether or not the $64,500 payment . . . is a property settlement or maintenance." Plaintiff's Reply to Affirmative Defense, P. 1.

**2. § 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

secure payment of a debt or performance of an obligation. 11 U.S.C. § 101(33).

To decide if Zeyn has a "judicial lien", the Court must first decide if the Judgment for Dissolution created a "lien" at all. The language of the Judgment for Dissolution does not give Zeyn a charge against the Dunkin Donuts franchise nor does it give her an interest in the franchise. Indeed, the Judgment for Dissolution specifically gives Walid the entire interest in the franchise free of any rights or liens.

The cases that Zeyn relies on to support her argument that she has a judicial lien are clearly distinguishable from this matter. First, in *In re Sanderfoot*, 92 B.R. 802 (E.D.Wis.1988), the district court found that a judicial lien existed but held that whatever pre-existing interests the parties had in their marital residence were extinguished by the divorce decree and new interests were created. The divorce decree in *Sanderfoot* specifically gave Mrs. Sanderfoot a lien on the marital residence. *See In re Sanderfoot*, 83 B.R. 564 (Bankr. E.D.Wis.1988), *rev'd*, 92 B.R. 802 (E.D.Wis. 1988).

The court in *In re Marriage of Banach*, 140 Ill.App.3d 327, 95 Ill. Dec. 142, 145, 489 N.E.2d 363, 366 (2d Dist.1986), said only that a court *"may, in its discretion, award the property to one spouse, subject to an obligation to pay the non-acquiring spouse for the interest lost."* [Emphasis Added]. In the Judgment for Dissolution, the Circuit Court clearly chose not to give Zeyn a lien on the Dunkin Donuts franchise.

In each of the other two cases relied upon by Zeyn, *In re Boyd*, 741 F.2d 1112 (8th Cir.1984) and *In re Thomas*, 32 B.R. 11 (Bankr.D.Or.1983), the court held that a "judicial lien" did not exist.[3]

The Judgment for Dissolution perhaps could have provided that Walid receive the franchise subject to a lien in Zeyn's favor, but instead the court set out its intention that Walid have the property free and clear of all liens and rights of Zeyn.[4] Therefore, this Court finds that Zeyn does not have a judicial lien in the Dunkin Donuts franchise.

**B. Equitable Liens.** Zeyn also argues that she has an equitable lien on the Dunkin Donuts franchise.[5]

The Seventh Circuit in *In re Brass Kettle Restaurant, Inc.*, 790 F.2d 574, 575 (7th Cir.1986) stated:

> In Illinois, an equitable lien arises in two situations, the first of which occurs where the parties express in writing their intention to make a particular property, real or personal or some fund, the security for a debt, or where there has been a promise to convey or assign the property as security. [Citations omitted.] The essential elements of an equitable lien are (1) a debt, duty or obligation owing by one person to another, and (2) a res to which that obligation fastens. [Citations omitted.]

In *Brass Kettle* the court looked to the precise language of a contingent fee agreement between an attorney and a client to determine if an equitable lien had been created. The court found that the language "Forty Percent (40%) of any recovery made", created an equitable lien. The court also noted that cases involving contingent fee contracts are not uniform and have all turned on the precise language employed in the fee agreement. *Id.* at 576 citing *McKee–Berger–Mansueto, Inc., v. Board of Education*, 691 F.2d 828, 836 (7th Cir.1982).

---

3. In these two cases, the courts found that statutory liens did exist and that the liens were created under state law by the conveyance of one spouse's interest in a homestead to the other spouse. In the present case, Zeyn is not asserting a statutory lien arising from a homestead interest.

4. It is also possible that any such lien would have violated the Dunkin Donuts franchise agreement and put the value of the asset at risk

of loss. The franchise instruments are not part of the present record, and, in any event, we need not speculate about the state court's motive.

5. Walid argues that this matter is not properly before the court because Zyen did not raise this issue in her Complaint. Since both parties have addressed this issue, so will the Court.

Walid relies on *In re Brass Kettle*, to support his argument that Zeyn does not have an equitable lien because there is no language in the Judgment for Dissolution requiring him to pay Zeyn the $64,500 out of a specific fund. Walid's position is also supported by *McKee–Berger–Mansueto*. In *McKee–Berger–Mansueto*, the court stated:

> The requirements for creation of an equitable lien have been stated as follows: "An equitable assignment is such an assignment as gives the assignee a title which, though not cognizable at law, equity will recognize and protect. *There must be an implied appropriation of the fund,* or of some designated part, proportion or percentage of it, to act as an equitable assignment." *Lewis v. Braun,* 356 Ill. 467, 477–78, 191 N.E. 56 (1934) (citations omitted).

*Id.* at 836. [emphasis added]. After examining the precise language used in the Judgment for Dissolution, it is clear that Walid is not required to pay Zeyn the $64,500 from a specific fund. Under Illinois law, therefore, Zeyn does not have an equitable lien.

Again, the cases Zeyn cites to support her argument can be distinguished. First, Zeyn relies on *In re Hart,* 50 B.R. 956 (Bankr.D.Nev.1985). The *Hart* court looked to the intent of the divorce decree and found that it was the intent of the parties to secure Mr. Hart's claim to the equity of the former family home. *Id.* at 960. Similarly, in *In re Miller,* 58 B.R. 192, 194 (Bankr.S.D.Texas 1985), the court found that an equitable lien existed under the terms of the divorce decree, which provided that Mr. Miller was to be awarded an equitable lien on the homestead to be paid upon the happening of certain conditions. Unlike the divorce decrees in *Miller* and *Hart*, the Judgment of Dissolution in the present case makes it clear through express language that Zeyn is not to have a lien on the franchise.

Another case relied on by Zeyn, *In the Matter of Bob Cooper, Inc.,* 65 B.R. 609 (Bankr.M.D.Fla.1986), applies Florida law on equitable liens and is not applicable here.

For these reasons, the Court finds that Zeyn does not have a lien on Walid's interest in the franchise and Walid's motion for summary judgment on Count II is granted.

*Conclusion*

For the above stated reasons, this Court finds that Zeyn's claim against the Debtor, Walid, is for a property division, not support or maintenance, and is therefore dischargeable. Further, Zeyn does not have an equitable or judicial lien on Walid's interest in the Dunkin Donuts franchise, and therefore her claim is unsecured. The Debtor's motion for summary judgment is granted.

An Order will be entered accordingly.